Cary BRYANT, Ervin Bryant, George Bryant and Ralph I. Bryant, as co-partners, d/b/a Bryant Brothers, and Willis G. Croft, Appellants,

v.

Lyda Sue HALL, Appellee.

No. 15970.

United States Court of Appeals
Fifth Circuit.

Nov. 30, 1956.

Dorothy E. Binder, Denver, Colo., for appellant.

Walter L. Budge, Asst. Atty. Gen., State of Utah (E. R. Callister, Atty. Gen., State of Utah, on the brief), for appellee.

Before PHILLIPS, MURRAH and LEWIS, Circuit Judges.

Walter H. Burt, Albany, Ga., Burt & Burt, Albany, Ga., for appellants.

Charles H. Kirbo, Bainbridge, Ga., S. Gordon Blalock, Jacksonville, Fla., Boggs, Blalock & Holbrook, Jacksonville, Fla., Custer & Kirbo, Bainbridge, Ga., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and BORAH and BROWN, Circuit Judges.

BORAH, Circuit Judge.

Mrs. Lyda Sue Hall, a resident of the State of Florida, brought this action[1] against Bryant Brothers, a partnership doing business in the State of Georgia, and Willis G. Croft, a resident of Georgia, to recover damages for personal injuries and property damages arising out of an accident which occurred when a Packard automobile driven by the plaintiff ran into the rear of a Ford dump body truck owned by the defendant partnership and driven by Croft, its employee.

---

1. In this action Mrs. Hall's husband, John Hall, was also named as a party-plaintiff, but he recovered no damages and has **not** appealed.

In her complaint as amended, plaintiff alleged that defendant Croft and the defendant partnership, by and through its agent Croft, were negligent: (1) in making a left turn across the highway on which the collision occurred without giving a hand signal, or other signal of any kind, (2) in operating the truck in a careless and reckless manner without regard for the safety of others and traffic conditions then existing, (3) in driving the truck into the path of the automobile being driven by plaintiff, (4) in completely blocking the highway, and (5) in driving on the left side of said highway. The defendants in responsive pleadings denied that they were guilty of the acts of negligence charged, and affirmatively and by way of defense alleged that the collision was due solely to plaintiff's negligence and in violation of Georgia laws, in that plaintiff: (1) operated the vehicle which she was driving at a speed greater than was reasonable and prudent under the circumstances, and in excess of the statutory speed limit of sixty miles an hour; (2) failed to reduce her speed and disregarded traffic "Slow" warning signs erected to warn travelers of the hazard existing with respect to the use of the side road into which Croft turned the truck; (3) failed to keep a proper lookout or to give a warning signal of her intention to pass the truck on the left side of the highway; and (4) failed to keep the vehicle which she was driving under proper control or to exercise any care for her own safety. In the alternative, defendants alleged that if Croft was negligent, plaintiff was equally or more negligent, and by the exercise of ordinary care should have avoided the rear end collision. In their answer, the defendants, Bryant Brothers, also set forth a counter claim for damages to their truck, to which plaintiff answered, denying the indebtedness claimed and reiterated the allegations and prayers of her original complaint.

With the issues thus joined the cause came on for trial before the court and jury and at the conclusion of plaintiff's evidence and later at the close of all of the evidence, defendants moved successively and unsuccessfully for a nonsuit and a directed verdict on the grounds that there was no proof of actionable negligence on the part of the defendants and that it affirmatively appeared that plaintiff by the exercise of the proper degree of care could have avoided the consequences of any negligent act of defendants' driver. Thereafter, the jury returned a general verdict for the plaintiff in the sum of $9,000 and from the judgment which was entered thereon and the order of the district court denying defendants' motion for judgment n. o. v. or, in the alternative, for a new trial, defendants have appealed.

■ On this appeal, appellants urge eight points of error, the first and most important of which is that the district court erred in refusing to grant their motion for a directed verdict, and in submitting the case to the jury. Thus, in passing on this specification the sole question to be considered is whether there was sufficient evidence of defendants' negligence to submit to the jury. There is no dispute about the description of the highway involved. The accident happened on U. S. Highway #301, several miles north of Jesup, Wayne County, Georgia, at about 9 o'clock A.M. on a clear, dry day. Approximately six or seven miles north of Jesup the two-lane highway, which runs north and south, crosses the Altamaha River and there is a bridge located at this point. A few thousand feet south of the bridge and on the west side of the highway there is a large sand pit which was used by appellants in their highway construction work and appellants' trucks reached the pit via a road which had been cut through an embankment which runs alongside and parallel to the highway. Sand was piled in the ditch between the highway and the embankment and appellants' trucks drove across the ditch through the opening in the embankment and into the pit to load sand for work they were doing on the approaches to the aforementioned bridge at the foot of the hill. About 1,200 feet farther south, or the distance of five or

six city blocks from the bridge, was a hill which sloped gradually from its crest toward the bridge.

Viewed in favor of the appellee as it must be, the evidence concerning the accident is as follows. On the morning of the day in question appellee, in company with a Mrs. Shires, was proceeding north on the highway in her lane of traffic at an estimated speed of 40 or 45 miles per hour. After passing the crest of the hill to which we previously referred, she observed appellants' dump truck which was then proceeding north in her lane of traffic at a speed of approximately 35 or 40 miles an hour. As she drew near the truck she began turning into the left traffic lane with the intention of passing the overtaken vehicle, but at this time she was not conscious of the fact that the sand pile which was on the west side of the highway and ahead of the truck was in fact a road entrance, nor had she observed any traffic warning signs along the highway. Immediately thereafter, but before she had time to blow her horn to signal an intention to pass, Croft, without slowing the speed of his truck or giving a signal of any kind, abruptly turned to the left directly into the path of her automobile, completely blocking both lanes of the highway. When this occurred appellee applied her brakes in an effort to stop, but she was unable to do so and her car skidded some 84 to 100 feet and collided with the left rear wheel of the truck. The photographs in evidence show that the skid marks began on the east side of the center line of the highway and ended on the west side at the point of collision which was at the entrance of the sand pit road. On the basis of this evidence we think that the jury could properly find that the accident occurred as a result of appellants' negligence, and the fact that appellants developed contradicting testimony did not, of course, warrant the direction of a verdict. It merely accentuated the necessity of the jury function to resolve the decisive issues of credibility of the witnesses as to the speed of the respective vehicles; whether a left turn signal was given; whether the drivers had their vehicles under control and maintained a proper lookout; and whether the negligence of the appellee, if any, was equal to or greater than that of the appellants. Where, as here, not only the facts constituting the conduct of the parties, but also the standard of care which they should have exercised, are to be determined, the case is entirely one of fact and to be decided by the jury and not one of law for the court.

The remaining specifications of error relate to the charges of the court which were given and refused, and to the admissibility of evidence. In dealing with the standard of care required of the lead vehicle when making a left turn, the court charged the following portion of Georgia Code, Section 68–1647:

> "No person shall turn a vehicle *at an intersection unless the vehicle is in proper position upon the roadway as required in section 68–1644,* to turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal * * *." (Emphasis supplied.)

Following which the court observed that this section made reference to Section 68–1644, and subparagraph (b) of the latter section which prescribed the required position and method of turning left at intersections was read to the jury. Then, and with reference to Section 68–1647, the court cautioned the jury that "the effect of this law is to place the duty upon the lead vehicle to determine that the turn from the highway into a private road or driveway can be made with reasonable safety before attempting to make such a turn." Thereupon, and after reading these statutes the trial judge defined what constituted a private road, a public highway, and an intersection under the Georgia traffic code, and then specifically charged the jury that the point where the collision occurred in this case was

*not* a public intersection. Appellants objected to the court's charging Section 68–1644 since it was a fact undisputed in the evidence that the truck entrance road was a private road and not an "intersection" within the meaning of the Georgia law regulating left turns at intersections of highways. In the colloquy which followed outside the presence of the jury, the judge explained that since Section 68–1647 which he charged had a reference back to Section 68–1644, he thought it would have been meaningless if he had not gone back and read to the jury Section 68–1644. While we think that the court should have so framed its charge as to avoid any reference to the statute which applied to highway "intersections", since the same was wholly irrelevant and immaterial, we do not think it can reasonably be said that the charge when considered as a whole was, as appellants contend, so confusing or prejudicial as to constitute reversible error.

█ Appellants' next point is that the district judge in his charge "erred in reading Georgia Code Section 68–1635(b) with reference to the duty of the overtaken vehicle to give way to the right in favor of the overtaking vehicle on audible signal, and then stating to the jury that if the driver of the overtaking vehicle did not sound its horn, this statute will not be applicable, it being an undisputed fact that the plaintiff did not give any signal of her intention to pass the truck, but notwithstanding, this statute was applicable in determining the care and diligence to be exercised by the driver of the overtaken vehicle when about to be passed by the overtaking vehicle, and thus this statute was applicable under the evidence of this case." Section 68–1635(b) imposes the duty on the overtaken vehicle to give way to the right in favor of the overtaking vehicle on audible signal and what appellants are in effect saying is that the statute was not applicable insofar as appellants are concerned because the evidence shows that appellee did not give any signal of her intention to pass the truck, but that it was applicable under the evidence in determining the care and diligence that the drivers of both vehicles were obliged to exercise in an overtaking situation, and therefore ought and should have been considered by the jury. While we think that the court should have refused to give this charge, by reason of the fact that the evidence indubitably shows that appellee did not blow her horn, appellants are in no position to complain for they invited the court to commit error by requesting it to charge Section 68–1635(b). And in no event were appellants prejudiced in the eyes of the jury because the court was careful to instruct them that the statute would be inapplicable in the event that the jury found that no audible signal was given by the appellee.

█ Appellants' third point is leveled at the following portion of the court's charge: "The next section is 1649: 'All signals herein required given by hand and arm shall be given from the left side of the vehicle in the following manner and such signals shall indicate as follows:' We are concerned here only with the left turn and that says: 'Hand and arm extended horizontally'—unless we are also concerned, in your judgment, with the matter of stopping or decreasing speed, and that says: 'Hand and arm extended downward.'" Objection was made to the latter portion of this charge on the ground that since appellee testified that the truck did not slow or decrease its speed, the charge on signals for stopping or slowing was not applicable under any theory of the case. We find no merit in this objection in view of the fact that appellant Croft testified positively that he slowed the truck prior to attempting the left turn, and therefore the law applicable to signals on decreasing speed was properly charged.

█ The trial court instructed the jury at length on the "last clear chance doctrine" concluding with the following: "In other words, under the doctrine of last clear chance the law imposes a duty upon all persons to exercise ordinary care to avoid the consequences of the negligence of another, where the negligence of such other is existing and is either

apparent or the circumstances are such that an ordinarily prudent person would have reason to apprehend its existence." Appellants do not contend that the doctrine was incorrectly stated, but confine their objection to a single issue, and that is that the doctrine was inapplicable to the truck driver because there is no evidence in the record that he saw appellee's car until after the collision. In other words, they contend that the doctrine is applicable to a defendant only when he had *actual* knowledge of the plaintiff's dangerous situation. We do not agree, but on the contrary think that the charge was altogether proper. In the first place the Georgia law requires the driver of any motor vehicle to anticipate the presence of "other travelers" and appellee here was such a traveler and legally upon the highway. Moreover, under Georgia Code, Section 68–1647, it was also the duty of the lead vehicle to determine that the turn from the highway could be made with reasonable safety. The standard of care thus imposed upon the truck driver required his being charged with that which he could have discovered in the exercise of ordinary care, and it was for the jury to decide whether he knew *or should have known*, and realized *or should have realized* appellee's dangerous situation in sufficient time to avoid the collision.

Nor was there error in the trial court's failure to give appellants' requested charges Nos. 2, 3, 8, 9, 12, 28 and 28–a. As to Nos. 2 and 3, these requested instructions were argumentative and manifestly intended to influence the jury to accept the evidence of the appellants as against that of appellee and were properly refused. Furthermore, the substance of all of the charges requested was adequately covered by the court's general charge; the issues were properly submitted, and we find no prejudicial error either in the oral charge as given or in the requested charges refused.

The court's refusal to give requested charge No. 29[2] was likewise proper for the reason, among others, that it was a mere legal abstraction. Furthermore, the substance of the charge was given in that the jury was properly and adequately instructed concerning their right to consider any and all physical facts which they found to exist and the probability or improbability of the witnesses' testimony. In addition, they were instructed that if they found that the accident did not happen substantially as testified to and contended for by the appellee their verdict should be for the appellants.[3]

The remaining assignment of error is directed toward the court's admission of testimony of appellee's doctor

2. "The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is self-contradictory, vague, or equivocal . . . And he 'is not entitled to a finding in his favor if the version of his testimony the most unfavorable to him shows that the verdict should be against him' * * * Courts and juries are not bound to believe testimony as to facts incredible, impossible, or inherently improbable. Great physical laws of the universe are witnesses in each case, which can not be impeached by man, even though speaking under the sanction of an oath."

3. The pertinent portions of the charge as given are: " * * * you may consider all of the facts and circumstances of this case, including any and all physical facts, including the witnesses' manner of testifying, their intelligence, their means and opportunity for knowing the facts to which they testify, the probability or improbability of their testimony, * * * and also their personal credibility insofar as the same may legitimately appear upon the trial of the case * * * It is your duty to reconcile the evidence and thus make all of the witnesses speak the truth, if you can do that * * * However, if after a consideration of the evidence you are unable to reconcile the testimony of the witnesses * * * you should believe such witness or witnesses and such evidence as you believe best entitled to be believed by you * * * If you find that the accident did not happen substantially as testified to and contended for by plaintiff then your verdict would be for the defendants."

diagnosing her condition as cerebral atrophy despite timely objections that the diagnosis was hearsay and prejudicial, it being "an opinion based in part on statements and complaints of Mrs. Hall, and her subjective symptoms, * * * and without any objective findings made by the doctor as a basis for his opinion." We agree with appellant that any statement made by Mrs. Hall with respect to her complaints and subjective symptoms were hearsay and should have been excluded, but we do not agree that the diagnosis made by the doctor was based on these subjective symptoms but rather rested on information derived from his daily visits, x-ray photographs and permissible declarations by Mrs. Hall of *present* pain and suffering. We are therefore of opinion that the admission of this evidence was harmless and not so prejudicial to appellants as to necessitate the granting of a new trial. Rule 61, Federal Rules of Civil Procedure, 28 U.S. C.A.

We are of the view that the record discloses no prejudicial error and the judgment appealed from is therefore Affirmed.