36807.   THOMSON PIPE LINE COMPANY, INC. *v.* DAVIS.

Decided September 17, 1957.

*Moise, Post & Gardner, R. Emerson Gardner, J. William Gibson,* for plaintiff in error.

*J. C. Murphy, Ralph Jenkins,* contra.

TOWNSEND, J. 1. In support of its general demurrer the defendant contends that there can be no recovery for the reason that the plaintiff failed to exercise ordinary care to avoid the consequences to himself of any negligence on the part of the defendant, in contravention of Code § 105-603. Why the facts alleged do not, in the opinion of the court, support this conclusion may be demonstrated more easily by differentiating this case from those cited than by analogizing it to others. In *Kelley* v. *Hines,* 25 *Ga. App.* 186 (102 S. E. 921) it was held that a railroad track is a place of danger, and one who voluntarily sits down on a track and goes to sleep so as to be struck by a passing train has failed to exercise ordinary care for his own safety. In *Taylor* v. *Morgan,* 54 *Ga. App.* 426 (2) (188 S. E. 44) it was held that one voluntarily riding on a running board who is struck because of his position with his body protruding beyond the car is likewise fatally negligent. In *McClure* v. *Union Lumber Co.,* 89 *Ga. App.* 424 (79 S. E. 2d 412), the plaintiff parked his truck and loosened its load of steel beams; the beams commenced to slide over on him and when he jumped back out of the way he fell over some concrete blocks which the defendant had piled in the yard. In *Rogers* v. *Atlanta Enterprises,* 89 *Ga. App.* 903 (81 S. E. 2d 721), the plaintiff while leaving a theatre, stumbled over a popcorn box on the floor, the presence of which she failed to ascertain although she knew that popcorn was sold at the theatre, that patrons ate it while inside, and that there was no place provided for the disposal of boxes. In *Southern Ry. Co.* v. *Young,* 20 *Ga. App.* 362 (93 S. E. 51), the plaintiff stood too close to a railroad track and was struck by a passing train. In *McCarthy* v. *Hiers,* 81 *Ga. App.* 365 (59 S. E. 2d 22), the plaintiff while walking over the roof of the defendant's house fell through, and it was held that the petition alleged no facts to show that the defective condition was known to the defendants which would not equally show it was known to the plaintiff. In *Jackson* v. *Sheppard,* 62 *Ga. App.* 142 (8 S. E. 2d 410), the plain-

tiff entered an area where the defendant was operating swinging cranes, and while watching the cranes fell into an open and obviously dangerous hole. These cases have one of two points in common—either the plaintiff *by his own movements* was injured in an encounter with an obvious and static condition, or the plaintiff placed himself in the way of normal movement of the defendant (in the operation of a railroad train or automobile) which he could not have helped but anticipate. Here the plaintiff did not, because of any movement of his own, injure himself upon any static condition existing on the premises. The blow of the excavating machine against the board on which he was standing pitched him from the wall. Nothing in the petition suggests that a normal person would anticipate the probability of the machine being so operated as to come over and hit the board, in the way that one would anticipate a train traveling along a railroad track, or an automobile traveling along a road. Nor is there any reasonable inference to be drawn that the board was of itself a dangerous place to stand, unless ulterior force was applied to it. Accordingly the petition presents a jury question on the question of whose negligence, as well as what negligence, and the trial court did not err in overruling the general demurrer.

2. The allegations of negligence are as follows: "In operating said machine, known as a back-hoe, in such close proximity to the rock wall as aforesaid which it knew that petitoner and others like him would be using; (b) in permitting the said board to be placed on and to remain on said wall in a loose condition; (c) in the operation of said back-hoe in failing to so operate said machine as not to foul or interfere with the said board on which plaintiff was standing at said time; (d) in failing to warn petitioner of the danger of the operation of said machine and the possibility of the bucket or shovel coming in contact with the said board at the time he was standing thereon; (e) in so operating said machine as to foul said board and to cause petitioner to fall on the rock wall; and (f) in that defendant, through its employees, failed to direct the operator of the machine so as not to interfere with the said board." Special demurrers are directed to each allegation of negligence on the ground that the same is a conclusion of fact, and also to grounds (c), (e) and

(f) on the ground that they are conclusions of law in that no inference of negligence can be drawn from the facts alleged. As to (a), an allegation as to knowledge of the defendant of a certain state of facts is not demurrable as a conclusion. *Stewart Oil Co. v. Bryant*, 93 *Ga. App.* 191 (91 S. E. 2d 48) ; *Georgia Northern Ry. Co. v. Hathcock*, 93 *Ga. App.* 72 (91 S. E. 2d 145). An allegation of negligence supported by pleaded facts is not subject to special demurrer as a conclusion. *Peabody Mfg. Co. v. Smith*, 94 *Ga. App.* 240 (94 S. E. 2d 156) ; *Anthony v. Dutton*, 73 *Ga. App* 389 (1) (36 S. E. 2d 836) ; *Savannah Electric & Power Co. v. Russo*, 71 *Ga. App.* 397 (1) (31 S. E. 2d 87). The facts alleged in the petition are amply sufficient to show that the defendant was in control of the premises for the purpose of the construction work in which it was engaged; that the plaintiff's presence was known to it and resulted from its activities, and that his injuries resulted from its overt act in directing a sufficient force against the object on which he was standing to topple him from the wall. From what has been said in division 1, it follows that subdivisions (c), (e) and (f) are sufficient to raise an inference of negligence against the defendant as against general or special demurrer. Proper pleading envisages that in averring negligence the pleader will set forth allegations of fact from which the law will raise a duty on the part of the defendant. *Southern Ry. Co. v. Liley*, 75 *Ga. App.* 489 (43 S. E. 2d 576). "Where certain conduct is alleged to be negligent, and where such negligence is alleged to be the proximate cause of the injuries received, both propositions are jury questions if reasonable minds might disagree as to whether the conduct alleged amounts to negligence, and whether, if so, it was the proximate cause of injury." *Orkin Exterminating Co. v. Wingate*, 84 *Ga. App.* 750, 752 (67 S. E. 2d 250).

The trial court did not err in overruling the demurrers to the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*