37183.   ROSE *v.* MORRIS.

DECIDED JUNE 23, 1958.

*Charles H. Hyatt, William Schley Howard, Jr., James V. Malcolm, Jr.,* for plaintiff in error.

*B. P. Gambrell, John E. Dougherty,* contra.

GARDNER, Presiding Judge. It is a correct principle of law that on general demurrer all facts properly pleaded must be accepted as true. See *Citizens & Southern Nat. Bank* v. *King,* 184 *Ga.* 238, 247 (190 S. E. 857). It is also elementary that questions of negligence are ordinarily for determination by a jury. Counsel for the plaintiff relies on *Hunt* v. *Thomasville Baseball Co.,* 80 *Ga. App.* 572 (56 S. E. 2d 828) wherein this court upheld the sustaining of a general demurrer. The petition there alleged that a person was sitting in an unprotected area attending a baseball game and was hit by a baseball sustaining injuries. In that opinion this court said: "Where a person wishing to witness a professional baseball game purchases a ticket

and chooses or accepts a seat in a portion of the grandstand which is unprotected, he voluntarily assumes the risk inherent in such a position, he being presumed to know there is a likelihood of wild balls being thrown or batted into the grandstand thus unprotected. Where during the warm-up preliminary to playing such a professional baseball game a wild ball is thrown into that portion of the grandstand occupied by such spectator and he is injured, he cannot recover." Of course in the instant case the question is presented as to whether or not, as a matter of law, the petition set out a cause of action. The petition alleges that the person making the shot should have yelled "fore" before making the shot, but the petition does not allege that it was negligence in not calling "fore" *after* he hit the ball, the hit resulting in an allegedly bad shot. His fairway to the next green was clear when he made the shot, and the person who was hit was on another fairway, some 125 yards away. We are not intimating that the danger in a golf game might be as great as that to a person sitting in an unprotected area in a baseball park. Neither are we indicating that it might be less of a risk. We are constrained to say, however, that although a golf player must give adequate notice to those who are in apparent danger of getting hit by a ball, nevertheless people who are on a golf course must assume the risk of being injured from a defected or hooked or sliced ball.

It is our opinion that the pleadings in this case show as a matter of law that the defendant was not guilty of negligence in driving the ball as he did. We reiterate that the plaintiff was 125 yards away, not on the defendant's fairway, on another tee not in direct line with the intended direction the ball was shot, but was at an angle of 17° away from the defendant.

The court did not err in sustaining the general demurrer.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*