39122.  SHAW v. THOMAS.

Decided November 16, 1961—Rehearing denied December 4, 1961.

*Burt & Burt, H. P. Burt,* for plaintiff in error.

*Farkas, Landau & Davis, H. G. Rawls, James V. Davis,* contra.

EBERHARDT, Judge. The only Georgia case presenting the question of the intraplayer liability of golfers is *Rose v. Morris,* 97 Ga. App. 764 (104 SE2d 485). The factual situation presented by plaintiff's petition here is quite similar to the allegations in *Rose.* In both cases the plaintiff and defendant were playing in different and inversely parallel fairways. Also in both appear allegations that the ball after being struck deviated substantially from what would have been a normal shot; the variance in *Rose* being 17 degrees and here "at least 45 degrees." However, there are differences in the distance between the defendant and plaintiff (125 yards in *Rose* and approximately 200 yards here) and the defendant's location on the course (at the edge of the fairway on which plaintiff was preparing to tee off in *Rose* and at the tee box here).

The holding in *Rose v. Morris,* 97 Ga. App. 764, supra, was that a general demurrer to the petition was properly sustained.

The court, in holding that the defendant was not negligent in hooking the ball, laid down the rule that ". . . [A]lthough a golf player must give adequate notice to those who are in apparent danger of getting hit by a ball, nevertheless people who are on a golf course must assume the risk of being injured from a defected [sic] or hooked or sliced ball." Under this "apparent danger-assumption of risk" doctrine, it is obvious that here, as in the *Rose* case, the plaintiff was not "in apparent danger" (i. e., in the intended range) of the defendant's shot and assumed the risk of being struck by a hooked or sliced ball hit by a player on another fairway. The factual situation here as outlined above is even stronger against the plaintiff than that appearing in *Rose*.

The plaintiff's allegation that the defendant was an "inexpert golfer to such an extent that he was . . . not able to control the direction his golf ball travels after being driven" is of no assistance to him here. Literally interpreted, this allegation means that the defendant is so inexpert that he cannot control the course of his ball *after it is in flight*. We are constrained to say that, as fondly as they may desire it, even expert golfers are unable to control the direction of the ball once it is in flight. Even using the allegation as plaintiff apparently intended it (i. e., to allege that the defendant was unable to control by his intent and desire before and at the time of driving the direction the ball took from the point where he struck it), it is common knowledge that so-called expert golfers make occasional hooked or sliced drives. It has been said that: "To hold that a golf player was negligent merely because the ball did not travel in a straight line, as intended by him, would be imposing upon him a greater duty of care than the Creator endowed him with the faculties to carry out." Page v. Unterreiner, 106 SW2d 528, 533 (Mo. App.). See Benjamin v. Nernberg, 102 Pa. Super. 471 (157 A 10). This reasoning also applies to the allegations of negligence contained in Paragraphs 11 (3) and 11 (4). For this court to hold that it was negligent for one to play golf who was not able to control the direction of his shot would not only be unreasonable but would remove all congestion on golf courses.

Plaintiff insists that at least his allegation relative to failure to warn *after* the defendant struck his ball is not within the rule

of *Rose v. Morris,* 97 Ga. App. 764, supra, and he cites numerous foreign cases on this subject. His contention is based on the statement there, at page 768, that: "The petition alleges that the person making the shot should have yelled 'fore' before making the shot, but the petition does not allege that it was negligence [sic] in not calling 'fore' *after* he hit the ball, the hit resulting in an allegedly bad shot." Regardless of the intimation of the quoted dictum, we cannot sustain plaintiff's position under the allegations here. In Paragraphs 7 and 9, plaintiff alleges the defendant's knowledge that the shot was traveling in his direction in the alternative, which is an allegation of constructive knowledge only. Under the rule as set out in *Fulton Ice & Coal Co. v. Pece,* 29 Ga. App. 507, 519 (116 SE 57), aff'd, 157 Ga. 105 (120 SE 636) which was adhered to in the recent case of *Hillinghorst v. Heart of Atlanta Motel,* 104 Ga. App. 731 (122 SE2d 751) and cases there cited, an allegation of constructive knowledge is not good against general demurrer where the duty to know does not arise by reason of the properly pled relationship of the parties. It is a necessary corollary to the "apparent danger-assumption of risk" doctrine of *Rose v. Morris,* 97 Ga. App. 764, supra, that a golfer is not an insurer of the safety of other golfers but is only required to exercise ordinary care. See Annot., 138 ALR 541 and 7 ALR2d 704, 716. The exercise of ordinary care here would not extend beyond the "apparent danger" zone or the intended range of the defendant's drive. This zone, where the defendant was at the tee box preparing to drive, as here, would include at most the fairway on which he was driving or at least that portion of the fairway within the probable range of his drive. Therefore, the duty of ordinary care would not here extend to this plaintiff an unspecified distance away in another fairway, and the allegation of constructive knowledge only is bad. Of course, since there is no allegation of actual knowledge (that the defendant knew that the ball, after being driven, was hooked in plaintiff's direction), we intimate no opinion as to the validity of such an allegation.

None of the plaintiff's allegations of negligence being sufficient to withstand general demurrer, it was error for the trial judge to overrule the defendant's general demurrer. Since the general

demurrer should have been sustained, a consideration of the special demurrers is unnecessary.

*Judgment reversed. Carlisle, P. J., and Custer, J., concur.*