### 21542. THOMAS v. SHAW.

CANDLER, Justice. Thomas sued Shaw for a stated amount as damages. A general demurrer to his petition, challenging the sufficiency of its allegations to state a cause of action for the relief sought, was overruled, and the Court of Appeals reversed that ruling. *Shaw v. Thomas*, 105 Ga. App. 12 (123 SE2d 327). To review the judgment rendered by the Court of Appeals, this Court granted the writ of certiorari on Thomas's application therefor. The petition in substance alleges: The parties were playing golf near the City of Albany. They were not members of the same foursome. Thomas was playing on fairway number five and Shaw on number four about 200 yards away from where Thomas was standing. While Shaw was preparing to tee off, he saw, or in the exercise of ordinary care, could have seen Thomas, as there was nothing between them to obstruct his vision. When Shaw teed off, Thomas was within the range of his shot and his ball, instead of going straight as he intended for it to do, made a 45 degree turn in the direction of Thomas. Shaw's ball was shot with great force—it struck the ground near Thomas and on the first bounce hit him in the left eye, inflicting a painful injury and a permanent 96% vision loss to the eye so injured. It is also alleged that Shaw, an inexpert player, after making his shot, saw or in the exercise of ordinary care should have seen, that his ball had hooked and was proceeding toward Thomas in time to have warned him, and Shaw had ample opportunity, had he been in the exercise of ordinary care, to call "fore" or give some other notice or warning to Thomas, and had Shaw done so, Thomas would have been notified of the danger in time to have avoided injury but Shaw failed to do so.

1. While it is true, as contended, that golf players assume the risk of dangers ordinarily incident to the game, yet that rule

does not apply or extend to a negligent act of a fellow-player; and this is true, since another player on the same course must always exercise ordinary care and diligence not to injure him, and a failure to do so is actionable notwithstanding the assumption-of-risk rule. See 65 C.J.S. 599, § 89, where it is said that ". . . a person driving a golf ball must give notice or warning to those dangerously situated." As authority for this statement, the author cites cases from the highest courts in Kentucky, New York, North Carolina, and Virginia. An exception to the general rule that a golfer assumes the risk of dangers ordinarily incident to the game is unquestionably shown by the petition in this case, which in substance alleges that Shaw, *after* driving his ball, saw, or in the exercise of ordinary care should have seen, that his hooked ball was proceeding toward Thomas who was within its range; that Shaw failed to give Thomas any notice or warning of its approach; and that Thomas would have had time to avoid being injured had Shaw not been negligent in failing to notify or warn him of the approaching ball.

2. As against the general demurrer, we think that the allegations of the petition, which we have set out in our statement of the facts, are sufficient to state a cause of action for the relief sought. On proof of those allegations, a jury would be authorized to find that Shaw's failure to warn Thomas of impending danger was inexcusable negligence and therefore actionable. For like rulings, see the well-reasoned cases of Toohey v. Webster, 97 N.J. 545 (117 A 838, 839, 23 ALR 440); and Everett v. Goodwin, 201 N.C. 734 (161 SE 316). See also *Rose v. Morris*, 97 Ga. App. 764 (104 SE2d 485), where the petition alleged that Rose was injured when hit by a golf ball and that Morris, who was playing on the same course with him, was not negligent in failing to holler "fore" before teeing off. In that case Judge Gardner, in writing for the court, strongly intimated that a different holding would have been required had the petition contained an allegation of his failure to warn Rose of danger *after* seeing that the ball he had driven was going in Rose's direction and there was a probability of it hitting him.

3. For the reasons stated in the two preceding divisions, it is held that the judgment rendered by the Court of Appeals is erroneous.

*Judgment reversed. All the Justices concur, except Head, P. J., who dissents.*

ARGUED FEBRUARY 13, 1962—DECIDED FEBRUARY 20, 1962—
REHEARING DENIED MARCH 8, 1962.

*H. G. Rawls, Farkas, Landau & Davis,* for plaintiff in error.
*H. P. Burt, Burt & Burt,* contra.

HEAD, Presiding Justice, dissenting. Generally, questions as to diligence, negligence, and proximate cause are for the jury, and will not be decided by the courts as a matter of law except in cases where the facts alleged are such as to require it.

In the present case the opinion of the majority quotes from 65 C. J. S. 599, § 89, as follows: ". . . a person driving a golf ball must give notice or warning to those dangerously situated, . . ." The language following the comma in the same sentence is as follows: "although he is not bound to warn a person not standing in a place where danger from the ball may reasonably be anticipated, . . ."

From the petition it appears that the plaintiff was on number five fairway with his back toward number four fairway, and within range of the tee shot of the defendant from number four fairway. Since the object of the game of golf is to complete the course of nine or eighteen holes in the least possible number of strokes (see Webster's Int. Dictionary, 3rd ed., p. 976), a direct approach down the fairway is the object of the golfer as he drives his ball from the tee. The petition alleges that the defendant was an "inexpert golfer," it not being unusual for him to either "slice" or "hook" the ball. However much a golfer may be a "duffer," or inexpert player, he would not normally anticipate that his tee shot would strike a player standing on a fairway other than the one being played by him.

Games are played according to established rules, and whether the rules in force at the time the plaintiff was injured were those of the National Golf Association or those of the course where the plaintiff was injured, it is significant that the petition does not allege any violation of any rule of the game at the time he was injured, nor does he contend that, under the rules

in force, the defendant was under any obligation to him at the time he was injured. On the contrary, he seeks, without regard to the rules of the game in force and effect at the time he was injured, to rest his case on his allegation that the defendant should have called the warning word "fore" after he saw the ball was headed in the direction of the plaintiff. The petition contains no allegation to indicate when, or how soon after the ball was hit, the defendant could reasonably have determined that it might strike the plaintiff, nor is any fact alleged to show that the plaintiff would have had time to do anything for his own protection if the defendant had called "fore" after he saw the ball approaching the plaintiff.

It is my opinion that under the "assumption-of-risk" rule the plaintiff could not recover from the defendant for the unfortunate injury received, and particularly is this true when no violation by the defendant of any applicable rule is alleged. I believe that the opinion and judgment of the Court of Appeals should be affirmed, and I therefore dissent from the judgment of this court in the present case.