39753. WRIGHT v. THE CONCRETE COMPANY.

Decided November 14, 1962—Rehearing denied December 19, 1962.

*Kelley, Champion & Henson, Forrest L. Champion, Jr.,* for plaintiff in error.

*Foley, Chappell, Young & Hollis,* contra.

RUSSELL, Judge. ■ ■ Special ground 4 of the amended motion for new trial assigns error on the following excerpt from the charge: "An employee who knowingly assumes a dangerous position or goes to a place of danger at the instruction of his superior may have a right of action against his employer if he is injured as a result of being in that dangerous position or place, but as to third persons he must be held to have assumed that position or entered that place voluntarily."

While the instructions given regarding the relationship between employer and employee would not be a complete statement of the law in an action between those parties (see *Southern Cotton-Oil Co. v. Gladman,* 1 Ga. App. 259 (5, 6) 58 SE 249) the last clause correctly sets out the relationship between the servant and third parties. In an action such as this between a plaintiff who is a servant of one not connected with the litigation and a defendant tortfeasor who is not connected with the employment, the servant assumes all risks incident to the employment except those arising from any negligence of the defendant. *Coggin v. Central R. Co.,* 62 Ga. 685 (35 AR 132); *Southern R. Co. v. Allen,* 88 Ga. App. 435, 448 (10) (77 SE2d

277). Since the employer-employee relationship is not here involved, it might, however, be more accurate for the court to word this instruction if given on another trial to the effect that the jury is not concerned with the master-servant relationship and that *regardless of whether or not* an employee who is injured as a result of being in a dangerous position or place of danger has a right of action against his employer, as to third persons he must be held to have assumed that position or entered that place voluntarily.

■ This being true, it was not harmful error to charge further that "The defendant is not responsible for the acts of others or of its employees when done outside the scope of the employment." While it is true that there was no contention by the defendant that its employee was not acting within the scope of his employment, and therefore such portion of the sentence was not involved under the evidence, the very fact that it was not makes it difficult to see wherein the charge could have been misleading or prejudicial. *Long v. Gilbert*, 133 Ga. 691 (5) (66 SE 894). Special ground 9 is without merit.

■■ Special ground 6 complains of the following: "A person who voluntarily assumes a precarious or unstable position in the presence of a moving force and object must be held to have assumed the added danger resulting from his position, if he is struck by such moving force or object but would not have been injured except for his precarious or unstable position, *even though the fact that he was struck was the result of the negligence of another.*" (Emphasis added). *Southland Butane Gas Co. v. Blackwell*, 211 Ga. 665 (88 SE2d 6) which is primarily relied upon in support of this statement is actually a good example of its deficiencies. There it was stated: "One who knowingly and voluntarily takes a risk of physical injury, the danger of which is so obvious that the act of taking such risk, *in and of itself*, amounts to a failure to exercise ordinary care and diligence for his own safety, cannot hold another liable for damages resulting from a hurt thus occasioned, although the same may be *in part* attributable to the latter's negligence." The latter is a statement that "there can be no recovery of damages where the injured party has failed to use ordinary

care to prevent an injury to himself, unless the injury be wilfully and wantonly inflicted upon him. Thus, one is bound at all times to exercise ordinary care for his own safety, even before the negligence of another is or should be apparent." Id., p. 667. Assumption of risk is "a matter of knowledge of the danger and intelligent acquiescence in it," while lack of ordinary care for one's own safety, or contributory negligence, "is a matter of some fault or departure from the standard of reasonable conduct . . . The two may coexist, or either may exist without the other. The difference is frequently one between risks which were in fact known to the plaintiff or so obvious that he must be taken to have known of them, and risks which he merely might have discovered by the exercise of ordinary care." *Roberts v. King,* 102 Ga. App. 518, 521 (116 SE2d 885), citing Prosser, Law of Torts (2d Ed.) § 55, p. 305. In the *Southland Butane* case the plaintiff, in the helpless stupor of drunkenness, lay down on a highway and was run over by a passing car. In so doing he was held to place himself outside the pale of those whose presence other travelers on the highway should anticipate, for which reason the defendant owed him no duty until his presence was actually discovered, there being no showing that the defendant was negligent in failing to discover him. But even had there been some negligence in failing to discover him, the act itself was so reckless and hazardous as to bar the plaintiff from recovery. The charge given here fails to restrict its application to cases where the plaintiff is barred by his failure to exercise ordinary care for his own safety, and is therefore much too broad. In a discussion in *Thomson Pipe Line Co. v. Davis,* 96 Ga. App. 372, 374 (100 SE2d 114) of various cases where the plaintiff was held to have assumed the risk of his position it was pointed out that generally the fact situation related either to circumstances where the plaintiff by his own movements was injured in an encounter with an obvious and static condition, or where the plaintiff placed himself in the way of a normal and non-negligent force emanating from the defendant. In *Thomas v. Shaw,* 217 Ga. 688 (124 SE2d 396) it was stated: "While it is true, as contended, that golf players assume the risk of dangers ordinarily

incident to the game, yet that rule does not apply or extend to a negligent act of a fellow player, and this is true, since another player on the same course must always exercise ordinary care and diligence not to injure him, and a failure to do so is actionable notwithstanding the assumption of risk rule." It is contended that *Thomas* supports the charge as given because of the implied holding that a ball hit by a player in the usual course of play may go astray and injure another, and the player will not be held accountable under the assumption of risk doctrine unless he was guilty of negligence in failing to warn the plaintiff *after* notice of its misdirection and the plaintiff's danger. *Thomas* and *Southland Butane* involve situations where the defendant was unaware of the plaintiff's presence until after an act was committed, which, being done without such knowledge, was not negligent *as to the plaintiff* although some negligence actually existed. The present case involves a defendant who, through his employee, was perfectly aware of the position of a plaintiff who was himself not aware of the negligence of the defendant until too late. The charge was too broad because it stated in effect that one who goes into a place of danger assumes not only the known dangers of his surroundings, but the subsequently accruing risk of negligence of the defendant as well, and this is exactly what the plaintiff does not assume, as stated in *Southern R. Co. v. Allen*, 88 Ga. App. 435, supra. Nor was the charge helped by the additional statement: "Applied to the present case, if you should find that Mr. Wright was crouching or squatting, and that this position was precarious and unstable, and that he knew or should have known that concrete might spill out of the chute, and that he would not have been injured if he had not been in that position, then he would not be entitled to recover *even if you find that he was struck by falling concrete as a result of the negligence of defendant's employee.*" The plaintiff assumed the normal risks of his unstable position. He assumed the risk that, if concrete spilled in some manner other than as a result of the defendant's negligence, it might knock him into the excavation. He did not assume the risk that the defendant would negligently strike him with the concrete. The risk of subsequent negligence by

the defendant is not "so obvious that he must be taken to have known" it would happen. The danger of the defendant acting in such negligent manner cannot be held to be so apparent and obvious that a person in the exercise of ordinary care for his own safety would as a matter of law anticipate its occurrence. Special grounds 5 and 6, which are subject to the same defects, were improperly overruled. They were extremely prejudicial to the rights of the plaintiff for the reason that there was some evidence of the defendant's negligence, and undisputed evidence of the plaintiff's position squatting on the lip of the fill, which the jury might have found unstable, and of the presence of a moving force, i.e., the concrete.

What we are holding is that the instruction as given is incorrect as an abstract statement of law. The court charged that one who voluntarily assumes an unstable position in the presence of a moving force must be held to assume the risk, if struck by such moving force under circumstances where he would not have been struck except for his precarious position, even though the fact that he was so struck was due to the negligence of the defendant. Assume a telephone line repairman in a precarious position at the top of a telephone pole over a crowded expressway. If a motor vehicle strikes the telephone pole in such way as to jar him loose, this is under circumstances where he would not have been struck except for his precarious position. Can it be said that he assumes not only the risk of falling from his perch but the risk of being dislodged by the negligence of another? The charge given under the evidence in this case removed from the jury's consideration all of the negligence of the defendant upon which a verdict could have been rendered and was tantamount to directing it against him.

Special grounds 7 and 8 complain of similar errors in the charge. If the spilling of concrete out of the chute running between the delivery truck and the place of deposit was an ordinary and foreseeable risk, the plaintiff would in the exercise of ordinary care for his own safety be required to guard himself against that risk, but not against the unusual and unforeseeable risk that concrete would spill out of the chute because of negligence on the part of the operator of the machine. It was there-

fore error so to charge as to eliminate actionable negligence of the defendant from consideration if the jury should find that there was an ordinary and foreseeable risk of concrete spilling regardless of that negligence. The legal effect of the charge was a statement that if a given result might foreseeably happen as a result of accident, and might also happen as a result of negligence, then one having knowledge that such result might happen by accident would be barred from recovery even in situations where the result occurred by negligence and not by chance. For example, there is doubtless an ordinary and foreseeable risk of injury due to the handling of dynamite which requires precautions on the part of those so involved; nevertheless, if one is injured not by accident but by the negligence of another the mere fact that the injury might also have occurred in a non-negligent manner will not erase the issue from the case. The errors complained of in these four grounds of the motion for a new trial require a reversal of this case.

■ Special ground 7 also is subject to the objection urged to the effect that the jury should not be left in doubt whether to apply to any allegedly negligent act that standard of conduct which an ordinarily prudent person *would* exercise under the circumstances; not a hypothetical standard which such hypothetical person *might* exercise. "An instruction to the jury, which, in attempting to define ordinary care, makes the jurors the standard of what is a prudent person is erroneous." *Mayor &c. of Americus v. Johnson,* 2 Ga. App. 378 (3) (58 SE 518). Whether the court's statement was a mere slip of the tongue and not calculated to mislead the jury need not be decided.

■ An instruction that "the burden rests on the plaintiff . . . to satisfy you of the truth of his case and to prove the allegations of his case by a preponderance of the evidence" is, standing alone, error because it instructs the jury in effect that the plaintiff must prove all of the allegations of his petition, whereas he may carry the burden by proving less than all of his allegations of negligence. *Everett v. Clegg,* 213 Ga. 168, 171 (3) (97 SE2d 689). Where, however, the court charged also: "If you should find that the defendant was negligent in any one or more of the particulars alleged" he might recover,

this is a sufficient compliance with the rule. Nor is the charge error because the court did not, in the absence of request, specifically instruct in the same connection that the defendant was charged with establishing its affirmative defenses by a preponderance of the evidence. *Albany Warehouse Co. v. Hillman,* 147 Ga. 490 (1) (94 SE 569). Special grounds 10 and 15 are without merit.

■ "The mere fact that the plaintiff might have been guilty of ordinary negligence before the duty arose to discover and avoid the defendant's negligence would not in and of itself preclude a recovery by the plaintiff." *Willis v. Jones,* 89 Ga. App. 824, 825 (81 SE2d 517). Negligence of the plaintiff concurring with that of the defendant as the proximate cause of injury will diminish but not bar recovery, except in those cases where the plaintiff, knowing of the defendant's negligence, is thereafter negligent in failing to exercise ordinary care to avoid it, or where, although he does not actually know of and avoid it, the failure to discover is itself negligence because the danger is in fact so apparent that a person in the exercise of ordinary care for his own safety, though under no duty to anticipate such negligence, would nevertheless have become aware of it; and, thirdly, the plaintiff will be barred if his negligence is the sole proximate cause of his injury. *McDowall Transport, Inc. v. Gault,* 80 Ga. App. 445, 447 (56 SE2d 161); *Smith v. American Oil Co.,* 77 Ga. App. 463 (2) (49 SE2d 90). Because of the confusion which may easily result in a failure to distinguish to the jury between that failure to exercise ordinary care on the plaintiff's part which will bar his recovery and that which will diminish but not bar his right to damages, it is always the better practice to charge in connection therewith that the duty to exercise due care to avoid the consequences of the defendant's negligence does not arise until that negligence is apparent or would have been apprehended by the plaintiff in the exercise of reasonable diligence. *Chandler v. Pollard,* 64 Ga. App. 122 (12 SE2d 190). Without otherwise passing upon special grounds 11, 12 and 17, it is suggested that instructions on this issue be included on another trial of this case.

■ "The last clear chance doctrine is but a phase of proximate

cause, and should, if desired to be given in charge, be specially requested." *Russell v. Pitts,* 105 Ga. App. 147 (4) (123 SE2d 708); *Wright v. Bales,* 62 Ga. App. 328, 334 (7 SE2d 765). While it is contended in special ground 13 that the court erred in that, having charged on the doctrine of last clear chance as applied to the defendant, he was necessarily bound to charge all the applicable law on the subject and therefore to charge also on the doctrine as applied to the plaintiff; nevertheless, the ground fails to set out what the court did in fact charge on the subject and is therefore incomplete. It does appear that no request for further instructions was made.

■ A nonexpert witness may not state his opinion as a conclusion, but the fact that he expresses an opinion is not objectionable where it is the logical and reasonable result of the facts stated. *Alabama Great Southern R. Co. v. Brown,* 140 Ga. 792 (3) (79 SE 1113, AC 1915A 1159). The statement of a witness for the defendant: "There was concrete on him but it didn't fall from up above" was explained by the statement, "Well, there was concrete all over that footing and he fell in the concrete what seeped out of these forms. It was water and concrete."

■ "The custom of any business or trade shall be binding only when it is of such universal practice as to justify the conclusion that it became, by implication, a part of the contract." *Code* § 20-704 (3). This is a rule for the construction of contracts, not for determining liability in tort actions. The question objected to in special ground 20, as to the universally accepted custom of the trade in regard to which person was in charge of directing the flow of concrete was in the proper form (*Park & Iverson v. Piedmont & Arlington Life Ins. Co.,* 48 Ga. 601) and was admissible for the purpose of showing that the employer rather than the deliverer was responsible for directing the flow of the concrete. It did not necessarily call for a conclusion of law as to which party was negligent; the plaintiff, had he been doubtful as to the unqualified effect of the affirmative answer to the question, might have requested and obtained an instruction to the effect that, as to third parties, parties to a contract cannot contract expressly or by implication in such

200

manner as to shield themselves from the consequences of their negligence.

■ Special ground 18, assigning error on the charge as a whole as being argumentative and biased in favor of the defendant, presents nothing for consideration on the authority of *McTyre v. King*, 215 Ga. 417 (5) (110 SE2d 651). Special ground 16, not being argued, is treated as abandoned as are the general grounds of the motion. Special ground 14, which primarily contends that the charge on comparative negligence was unwarranted by the evidence, will not be further discussed than to say that the facts elsewhere set forth in this opinion show ample justification for the trial court considering this as an issue for jury consideration.

The trial court erred in denying the motion for a new trial. *Judgment reversed. Carlisle, P. J., and Eberhardt, J., concur.*