James **MIXON** (**H. B. Edwards, Jr.,** as Temporary Administrator Upon the Estate of James Mixon substituted as party-appellant for James Mixon deceased), Appellant,

v.

**ATLANTIC COAST LINE RAILROAD COMPANY, Appellee.**

No. 22965.

United States Court of Appeals Fifth Circuit.

July 11, 1967.

J. Lundie Smith, Valdosta, Ga., for appellant.

Roy M. Lilly, T. Heyward Vann, Thomasville, Ga., Cam U. Young, Valdosta, Ga., for appellee.

ON PETITON FOR REHEARING

Before TUTTLE, BROWN, and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

Appellant's application for rehearing puts in question our holding that defendant ACL was entitled to grant of its mo-

tion for a new trial because of an erroneous charge on last clear chance.

Our opinion in this case rested on Southland Butane Gas Co. v. Blackwell, 211 Ga. 665, 88 S.E.2d 6 (1955). The facts there were these:

"As we construe the evidence, a finding was demanded that the deceased was lying drunk in the road, without physical capacity to move himself, in the nighttime, at a point just over the crest of a slight hill, where the lights of an automobile approaching over the hill would not shine on the body of the deceased until it arrived within 12 or 14 feet of the body, and the undisputed evidence of the driver of the truck was that he did not see the deceased until he was within 12 or 14 feet of him, and that he did everything within his power to avoid striking the deceased after discovering his presence in the highway by swerving his truck. The further undisputed evidence is that the truck was traveling at a lawful rate of speed of 35 or 40 miles per hour, with its lights on bright." 88 S.E.2d at 8.

The case does say:

"[I]t is only after one finds another who has negligently placed himself in a position of peril, and because of his helplessness is unable to extricate himself from his position of peril, that the duty arises to use ordinary care to avoid injuring him. As there pointed out, it is only where the defendant *knows* of the plaintiff's perilous situation, and realizes, or has reason to realize, the plaintiff's helpless condition, that the defendant is charged with the duty of using with reasonable care and competence his *then* existing ability to avoid harming the plaintiff." 88 S.E.2d at 10.

On further study we conclude *Southland* is not controlling. That decision rests not on last clear chance but on absence of duty to the decedent.[1] It was

---

1. "While it is generally the duty of the driver of an automobile to anticipate the presence of 'other travelers' on the high-

way and to have due regard for their rights to the use thereof, Code § 68–304 (now Code Ann.Supp. § 68–1658); Eu-

held the defendant was under no duty to anticipate the presence of a pedestrian prone on the highway at nighttime. There could be no duty to anticipate plaintiff's presence in connection with obligation to avoid harm to a negligent plaintiff if he was not within a class of persons whose presence defendant was bound to anticipate.

Careful study of the dissent in *Southland* reinforces our view—it also discusses duty, the position of the dissenting judge being that the decedent had a right to use the highway as a pedestrian and that the majority erred in equating him with a trespasser on the highway to whom the only duty was not to wilfully or wantonly injure.

In Wright v. The Concrete Company, 107 Ga.App. 190, 129 S.E.2d 351 (1962) the Georgia Court of Appeals described *Southland* (at p. 354):

> "In the Southland Butane case the plaintiff, in the helpless stupor of drunkenness, lay down on a highway and was run over by a passing car. In so doing he was held to place himself outside the pale of those whose presence other travellers on the highway should anticipate, for which reason the defendant owed him no duty until his presence was actually discovered, there being no showing that the defendant was negligent in failing to discover him."

Thus *Southland* has no application.

In other cases since *Southland* the Georgia Court of Appeals has applied the "should have known" criterion. In Long Construction Company v. Ryals, 102 Ga.App. 66, 115 S.E.2d 726 (1960) an intoxicated participant in a sidewalk altercation was pushed into the street and in the path of appellant's truck. The petition alleged defendant (appellant) had knowledge of the condition of plaintiff and his fellow celebrant and of the altercation and having such knowledge failed to exercise ordinary care to avoid striking plaintiff. The petition was held "sufficient to present a jury question as to whether under the application of the last clear chance doctrine the negligence of the plaintiff in placing himself in peril and in not discovering it until too late, was too remote to be considered as a contributing cause of the injury, and as to whether or not the negligence of the appellant's agent *in failing to discover* the plaintiff's peril and take steps to avoid the same" could be considered as the sole proximate cause. It was held that "where, from the actions of the person injured and others on the curbside observed by him, he [the defendant] may reasonably anticipate that someone would get in the street ahead of his vehicle, he may, under such circumstances, be chargeable with negligence in failing to take appropriate steps to avoid injuring such person, or persons."

banks v. Mullis, 51 Ga.App. 728, 181 S.E. 604; Garmon v. Cassell, 78 Ga.App. 730, 52 S.E.2d 631; and other decisions cited by the Court of Appeals in this case [Southland Butane Ga. Co. v. Blackwell], in 91 Ga.App. 277, 285, 85 S.E.2d 542, that court erred in applying this rule in the instant case, for the reasons that public highways are established and maintained primarily for the purposes of travel and transportation by the public, and uses incidental thereto, 25 Am.Jur. 456, § 163, but not as a place of repose. While 'pedestrians' ordinarily have the legal right to the use of public highways *for the purposes of travel* (25 Am. Jur. 522, § 227) the Uniform Act Regulating Traffic on Highways, Ga.L., Nov.- Dec. Sess., 1953, p. 556, Code Ann.Supp. § 68–1503, defines a pedestrian as 'Any

person afoot.' Webster's New International Dictionary, Second Edition, defines a pedestrian as "a walker; one who journeys on foot; a foot traveler." See also 70 C.J.S. Pedestrian, p. 383. The deceased in the instant case, while lying prone in the highway, in a drunken condition, was not a pedestrian using the highway for the purposes of travel, and the defendant therefore was under no duty to anticipate his presence upon the highway in that position, or to avoid injuring him until his presence became known to the driver, which, under the undisputed evidence, was at the time the automobile reached a point within 12 or 14 feet of his body, when it was impossible for the driver to avoid striking and injuring him." 88 S.E.2d at 9–10.

In 1961 the Georgia Court of Appeals decided Grayson v. Yarbrough, 103 Ga. App. 243, 119 S.E.2d 41 (1961). A three-year old child kicked a football into the street, followed it, picked it up, dropped it, picked it up again and then was hit by appellant's car. On appeal from verdict for plaintiff the court said:

"The above evidence authorized the jury to find that the defendant saw, or *should have seen* the football in the street and that he in the exercise of ordinary care could have avoided hitting the child on the theory that enough time had elapsed between the time the football landed in the street and the child had picked it up, dropped it and picked it up again, for the defendant to stop or turn his automobile so as to avoid hitting the child." 119 S.E.2d at 43.

Other Georgia cases have applied the "should have been aware" principle in varying situations.[2]

Bryant v. Hull, 238 F.2d 783 (5th Cir. 1956) applied Georgia law. The last sentence of the charge given in this case was worded exactly as that in issue in the *Bryant* appeal. Appellants contended actual knowledge of plaintiff's dangerous situation was required. This court rejected that argument, because operation of a motor vehicle on the highway was involved, and the Georgia law required the driver of any motor vehicle to anticipate the presence of other travelers such as plaintiff. Also a provision of the Georgia Code[3] placed on defendant the duty to determine that the maneuver he made could be done with reasonable safety. Thus *Bryant* too was a "duty" case; the defendant had a duty to anticipate plaintiff's dangerous situation, and the duty was held properly reflected in the "should have been aware" requirement.

In the case before us we have recognized that "whether plaintiff was a trespasser or licensee, the railroad was bound to use ordinary care and diligence in approaching and traversing places where there was reason for it to anticipate that persons might be on the track; in such a situation the general rule, that the railroad owes a trespasser a duty of ordinary care only after discovery of him in a place of peril, does not apply." Thus it was properly left to the jury to determine whether plaintiff was within a class of persons with respect to whom a duty existed to anticipate their presence; in such a case we understand the Georgia law to apply the "should have been aware" principle of last clear chance. The charge to the jury was correct.

We hold that defendant's motion for new trial was properly denied. The former decision of this court is vacated insofar as it held the decision on the motion for new trial erroneous, the judgment of the district court is reversed and the case remanded with directions to enter judgment on the jury verdict for plaintiff.

2. Fairburn and Atlanta Railway and Electric Co. v. Latham, 26 Ga.App. 698, 107 S.E. 88 (1921); Smith v. Kleinberg, 49 Ga.App. 194, 174 S.E. 731 (1934); Crapps v. Mangham, 44 S.E.2d 133 (1947), in which defendant was aware of plaintiff's situation and of his peril but the court's discussion indicated it would have considered it sufficient that he should have known; Smith v. American Oil Company, 77 Ga.App. 463, 49 S.E.2d 90, 107–108 (1948).

3. Sec. 68–1647.