## 45405.   STEELE v. JEKYLL ISLAND
## STATE PARK AUTHORITY.

DEEN, Judge. The case is here on grant of the defendant's motion for summary judgment. Plaintiff, while playing golf on the defendant's course, hit his ball into a concrete drainage ditch crossing the fairway. He had a choice between crossing over the bridge and accepting the stipulated penalty or going into the ditch in an attempt to recover the ball. He chose the latter course. The ditch had no water; there was sand on the bottom and "something slick on the sand" which another witness testified to be a coating of algae under the sand; plaintiff's foot slipped and he fell and injured himself. "Golf players assume the risk of dangers ordinarily incident to the game." *Thomas v. Shaw,* 217 Ga. 688 (1) (124 SE2d 396). To be under a constant duty to remove algae and slime from the bottom of a drainage ditch, where the player need not go except at his own option, would in our opinion be imposing on the proprietor of a golf course a greater duty than that of ordinary care in maintaining this part of the premises in a condition in which it might

reasonably be expected to be. In *Misenhamer v. Pharr,* 99 Ga. App. 163 (107 SE2d 875) it was held that a plaintiff on a golf course who slipped on loose sand while scrambling down a bank on a golf driving range could not recover, as no actionable negligence against the proprietor was shown. "A proprietor is not the insurer of the invitee's safety and when he employs ordinary prudence in keeping the premises reasonably safe he has done what the law requires of him. He is not obliged to remedy a condition or slight defect in the premises, unless it could be foreseen, by the exercise of ordinary care, that such condition or defect might in the usual course of events cause injury to the invitee or damage to his property." Id., p. 167. The accumulation of moss and algae in a wet place is a natural phenomenon which might be equally expected by both the proprietor and the players. Considering its location in a drainage ditch, adjacent to a body of water, where it might be expected to be, we do not think the defendant's failure to remove it or warn the plaintiff of its possible presence can constitute actionable negligence. See also 82 ALR2d, Anno. p. 1183.

The trial court did not err in sustaining the defendant's motion for summary judgment.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*

ARGUED JUNE 9, 1970—DECIDED JULY 6, 1970.

*Aynes, Feldman & Genins, R. John Genins,* for appellant.
*Lokey & Bowden, Glenn Frick,* for appellee.