Robert O. Brink, J.
This is a motion for a judgment on the law and to set aside a verdict returned by a jury in favor of the plaintiff and against the defendant in the sum of $20,000 in an action brought by the plaintiff to recover for personal injuries on the grounds of negligence.
On the 21st day of July, 1966, the plaintiff was struck in the left eye by a golf ball driven by the defendant from the eighth tee of a golf course in the Town of Windsor, Broome County, New York. At the time he was injured, plaintiff was preparing to drive from the ninth tee of the golf course. The ninth tee was within range of a ball hit from the eighth tee, and was protected by a screen. Immediately before he was struck, the plaintiff stepped from behind the screen to obtain a golf club from a golf bag which he had left in that position while he was playing the eighth hole. As a result of being struck by the golf ball, plaintiff substantially lost the sight of his left eye and the injury is permanent.
During the trial, the court reserved on all motions. After reviewing and considering the evidence on the trial, it is the opinion of this court that the verdict is contrary to law and also contrary to the weight of evidence. Both parties had played on the Windsor Golf Course on many occasions prior to the accident and were familiar with the hazards involved. Plaintiff admitted on cross-examination that he did not see defendant McGranaghan, or any of his party, on the eighth tee that day and that he did not look at any time before he was hit.
*285 The defendant testified that, before he addressed himself to the ball, the people in the vicinity of the ninth tee were behind the screen. Several other -witnesses were sworn who saw the golf ball hit the plaintiff, but the only witness who observed the plaintiff’s movements immediately before the accident was the Rev. Gerald McCabe, a Catholic priest, who was playing in the defendant’s party. He testified that just about the time the defendant hit the ball, the plaintiff stepped out from behind the screen. This testimony corroborated the defendant’s testimony that plaintiff’s party were all behind the screen when he looked.
Bearing in mind the hazardous nature of the golf course and plaintiff’s familiarity with it, it must be held as a matter of law, that the plaintiff was guilty of contributory negligence when he did not look to see if anyone was preparing to drive off the eighth tee.
The law is well established that there is an assumption of risk to a person playing on a golf course where other players are engaged in the same activity. The risks involved are very apparent. There is always the possibility that when a golf ball is driven from a tee, it can slice or hook to the right or left. While it is the general duty incumbent upon a golf player to look down a fairway and yell “ fore ” to anyone who might be in danger, it cannot be expected that he should be required to fulfill this obligation in the exact instant he hits the ball. The court should take judicial notice of the fact that any golfer, before driving from a tee, habitually takes a few practice swings and keeps his eye on the ball as he swings the club for his drive. He cannot be charged with the same diligence as the operator of an automobile who must keep his eyes on the road continuously at all times. (Murphy v. Steeplechase Amusement Co., 250 N. Y. 479 ; Curcio v. City of New York, 275 N. Y. 20; Rocchio v. Frers, 248 App. Div. 786; Jenks v. McGranaghan, 32 A D 2d 989; Trauman v. City of New York, 208 Misc. 252; Murphy v. Podgurski, 236 So. 2d [La.] 508.)
Great emphasis is placed, by plaintiff’s counsel, on the fact that the defendant admits that he did not yell “ fore ”. It cannot be said that the failure to yell ‘1 fore ’ ’ was a proximate cause of the accident, as the evidence is undisputed that several other players yelled ‘‘ fore ’ ’ immediately before the plaintiff was struck. Furthermore, the evidence established that the defendant had reason to believe that the plaintiff was behind the screen at the time he drove from the eighth tee.
There can be circumstances under which a person may recover for injuries received by being struck by a golf ball on a golf *286 course; however, the undisputed evidence in this case does not support such a recovery.
The verdict should be set aside and a judgment entered in favor of the defendant and against the plaintiff dismissing the complaint on the merits with taxable costs.