■    CHARLES B. JENKS, Appellant, v. DONALD McGRANAGHAN, Respondent.— Appeal by the plaintiff from a judgment of the Supreme Court, entered in Broome County on December 18, 1970, setting aside a verdict in favor of the plaintiff and dismissing the complaint upon the merits upon the ground that the plaintiff was guilty of contributory negligence as a matter of law.    The plaintiff on July 21, 1966 was engaged in playing golf at the Windsor Golf Course and while walking from the ninth tee to procure a club from his golf bag he was struck in the left eye by a ball driven by the defendant from the tee of the eighth green.    Both parties were familiar with and had played upon the golf course on prior occasions.    The plaintiff testified that he walked from behind a protective screen on the ninth tee to his golf bag and while in the process of obtaining a club was struck by a golf ball driven by the defendant from the eighth tee and which had " hooked ".    He also testified that he did not see the defendant on the tee at any time prior to being struck.    The defendant testified as follows: " I was playing with Reverend McCabe and Mr. Kirby in a threesome.    We were on the eighth tee, and Mr. Kirby was going to hit first. We habitually looked to see if the fairway was clear.    We knew there were people in front of us and then we saw that they were behind a screen around the ninth tee.    Mr. Kirby hit first and then Reverend McCabe hit and then I hit. My ball hooked.    Before I hit I bent over, teed the ball up, then stepped back and looked at the direction that I wanted to hit.    I saw the people behind the screen, and then I bent over, addressed the ball, and hit it.    When I looked up I could see that it was hooking and I heard men in back of me yell ' fore '. And at that time I didn't know that there was anybody outside the screen. I didn't know what had happened until I got up there."    Father Gerald McCabe, playing in a threesome with the defendant, testified as follows: " I do recall the time that he hit his ball.    He hit after me.    He hit the ball.    He teed the ball up and at the time there was no obstruction, I mean, toward the tee or the green.    And this particular hole hitting from the eighth tee to the eighth green there is a screen, protective screen on the ninth tee.    And as I looked up there was no obstruction, nobody in front of the screen.    They were in back of the screen.    There was a foursome in front of us, but they were in back of the screen.    But just about the time that Mr. McGranaghan hit the ball this young man, Mr. Jenks, as I recall stepped out of the screen for some reason or another.    I don't know what he had in mind.    But at the moment that Mr. McGranaghan hit the ball he momentarily had stepped out of the back of the screen and was hit with the flight of the ball.    Q. Now, did you hear any shouts or calls of warning?    A. Very definitely.    I for a fact yelled ' fore ' which is a warning to golfers.    Again it is terminology used by golfers if there is danger of a person being struck with a golf ball.    I think we all, if I recall vividly, every one of us yelled ' fore ' because it's a proper thing to do." There was additional testimony by other players on the course that they heard and in some cases called " fore ".    The plaintiff seeks to confirm the jury's

finding of negligence on the part of the defendant primarily because of the failure of the defendant to warn the plaintiff prior to striking the ball, but the testimony quoted above seems to establish beyond peradventure that at the time the defendant and his companions were driving from the eighth tee there was no compelling necessity to give a warning and even Judges are aware of the fact that the calling of " fore " is seldom given prior to seeing the direction in which the ball is traveling. From the undisputed facts here, if the ball had traveled in a straight course as had Father McCabe's there would be no reason for warning. The warning was impelled as a result of the defendant " hooking " his drive. In the prior decision of this court on the motion to dismiss (see 32 A D 2d 989, 990) it was stated: " He [the golfer] does not assume the additional risk that another player will hit a ball without proper warning when the latter should have reasonably anticipated that there was a reasonable possibility that the ball might strike the former." The evidence introduced at the trial establishes that there was no reason for the defendant to have given any warning to the plaintiff prior to striking the ball. Under the facts and circumstances, the record does not demonstrate any negligence on the part of the defendant. While it is not necessary to our decision, the court determines that the record establishes that the plaintiff was not guilty of contributory negligence as a matter of law. Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr. and Sweeney, JJ., concur; Simons, J., dissents and votes to reverse and grant a new trial in the following memorandum: I dissent. It has already been decided (32 A D 2d 989) that the factual circumstances presented here raise issues of fact for the jury, not a question of law calling for dismissal of the complaint. [65 Misc 2d 284.]