### HOUSTON v. ESCOTT.

#### Civ. A. No. 1152.

United States District Court
D. Delaware.

June 23, 1949.

William S. Satterthwaite, of Wilmington, Del., and Raymond S. Shortlidge, of Philadelphia, Pa., for plaintiff.

William H. Bennethum (of Marvel & Morford) of Wilmington, Del., for defendant.

RODNEY, District Judge.

This action arises out of a claim for personal injuries incurred by the plaintiff as a result of being struck by a golf ball driven by the defendant while both parties, independently, were playing golf on the course of the Kennett Square Golf and Country Club at Kennett Square, Pennsylvania.

Defendant has moved under Rule 56, Federal Rules of Civil Procedure, 28 U.S. C.A., for summary judgment, basing his motion upon his own supporting affidavit and the plaintiff's amended complaint. Affidavits in opposition to the motion have been filed by the plaintiff and the other three members of the "foursome" in which plaintiff was playing when he was struck and injured by defendant's ball.

Jurisdiction is based upon diversity of citizenship and, therefore, the law of Delaware, including its Conflict of Laws, must be applied.[1] It is conceded by the parties, and now assumed by the court, that under the Delaware rule of Conflict of Laws the law of Pennsylvania, where the accident and injury occurred, controls in this proceeding.

From the amended complaint it appears that on the said golf course the first and eighteenth fairways, extending respectively from the tees to the greens, were adjacent and almost parallel to each other, the eighteenth tee being approximately seventeen yards from the first green, and the playing of the two holes was in opposite directions. The plaintiff alleges that, in

---

[1] Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 1941, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477.

a foursome, he was on the first fairway a short distance from the first green. Defendant was driving his ball from the eighteenth tee.

The gist of the action appears in the tenth and twelfth paragraphs of the amended complaint as follows:

"10. That at the time and place aforesaid the defendant was on the said golf course engaged in playing a game of golf and during the course of such game drove a golf ball from the eighteenth tee in the eighteenth fairway on the said course in so negligent and careless a manner that the said ball struck plaintiff on the left leg between the knee and ankle causing the injuries hereinafter alleged."

"12. That the said negligence of the defendant consisted in driving the said ball from the said tee without first having observed plaintiff a short distance away on the said course and in failing to give timely warning of his intention to drive the ball although defendant knew or in the exercise of due care should have known that plaintiff was on the said course and in danger of being struck by the said ball."

Defendant's affidavit in support of the motion for summary judgment states that immediately prior to and at the time of the accident neither plaintiff nor anyone else in plaintiff's foursome was visible to or seen by defendant because of a rise in the terrain between the first and eighteenth fairways which obscured such persons from defendant's view. Defendant's affidavit also states that the distance between plaintiff and defendant at the pertinent times was not less than 170 yards.

The opposition affidavits state that immediately prior to and at the time of the accident plaintiff was in full view of anyone on or near the eighteenth tee and could and should have been seen by anyone about to drive from the eighteenth tee. These affidavits also state that at the pertinent times the distance between the plaintiff and the defendant was not more than 125 yards.

If the above facts are material and insisted upon, it is obvious that genuine issues of fact exist as to whether the plaintiff was in full view of or visible to the defendant at the time the ball was driven and as to the distance between the parties at such time.

At oral argument defendant's counsel contended that the above two disputed facts are not material and therefore conceded that the opposition affidavits should be accepted on these disputed facts. Thus, for the purposes of this motion, it is taken as a fact that at the time defendant was addressing his golf ball and hitting such ball from the eighteenth tee the plaintiff was in full view of defendant and could have been seen by defendant and that the distance between plaintiff and defendant at the pertinent time was not more than 125 yards.

Certain facts appear to be undisputed in the affidavits and amended complaint. The play of the first fairway, from tee to hole, runs in a general easterly direction; the play of the eighteenth fairway, from tee to hole, runs in a diverging or general northwesterly direction. Immediately prior to and at the time of the accident plaintiff was playing the first hole and was walking with one of the other members of his foursome toward the first green along the left hand or northerly side of the first fairway approximately two yards from such side. Plaintiff was approximately 50 yards south of the nearest point on the eighteenth fairway and about 55 yards south of the intended line of flight from the eighteenth tee to the eighteenth hole at such time.

At the pertinent time defendant was commencing play of the eighteenth hole. He "teed" his golf ball on the eighteenth tee preparatory to and with the intention and desire of driving the ball straight down the eighteenth fairway toward the eighteenth green. Defendant's sole object, of course, was to drive his ball from the eighteenth tee into the eighteenth hole in as few strokes as possible. Defendant drove his ball from the eighteenth tee without giving any previous warning that he was going to drive the ball.

The point where plaintiff was standing when struck was approximately 19 degrees left (or to the south) of the intended line of

flight of defendant's ball from the eighteenth tee to the eighteenth green. The accident occurred in the early afternoon of September 21, 1947.

The question in this case is whether under the law of Pennsylvania a golfer, playing a game of golf, is liable when his golf ball driven by him in the due course of the game and aimed at the green on his own fairway strikes another golfer standing some 50 or 55 yards to the left of and some 125 yards from him on a different fairway of the same golf course, even though visible at the time, when no warning is given that the ball is about to be driven.

█ Since concededly the law of Pennsylvania governs this controversy we have only to look to that source for controlling authority. The number of cases in Pennsylvania having direct application is small but the similarity and relevancy of the authority is striking. In Benjamin v. Nernberg, 1931, 102 Pa.Super. 471, 157 A. 10, 11,[2] the facts are strongly apposite. In the cited case the sixth and seventh fairways were somewhat parallel and quite close. The plaintiff was on the sixth green preparing to putt. The sixth green was some 100 feet in advance of the seventh tee and 120 feet to the left of the seventh fairway extending from the seventh tee to the seventh green. The defendant in the cited case was driving from the seventh tee intending to drive his ball directly to the seventh green but by some hook or slice, or as the result of an improper posture or stance, the ball struck the plaintiff, who was then on the sixth green, resulting in the injury complained of. In the cited case, as here, it was contended that the defendant was guilty of negligence in not warning the defendant before making the drive. In the cited case the court said, " * * * the entire No. 7 fairway was clear before the defendant; plaintiff was not in the line of defendant's play;

he was not where any one could reasonably believe that he was in danger of being struck by a ball driven from No. 7 tee * * *. There was no duty, under the facts of this case, on defendant to warn plaintiff of his intention to play. * * *"[3]

The facts of the instant case, while almost identical with the case cited, seem considerably stronger. The plaintiff in both cases was playing on a different fairway from the defendant and not in the line of the defendant's play. In the cited case the plaintiff seems to have been about 156 feet from the defendant, while in the present case such distance is conceded to have been about 375 feet, or 125 yards.

The present plaintiff urges this court to adopt the views expressed by a Pennsylvania trial court en banc in Brosko v. Hetherington, 1931, 16 Pa. Dist. & Co. R. 761. In that case a caddy (not of the defendant player) was standing some 25 or 30 feet to the right and about six feet in front of the tee from which the defendant drove his ball. In that position he was struck by a ball "irregularly driven by the defendant after several attempts to drive from the tee." Reliance was had upon the failure to give warning of the intended shot.

I cannot adopt the views of Brosko v. Hetherington and disregard Benjamin v. Nernberg. In Brosko v. Hetherington the then recent Benjamin case was referred to and the two cases were distinguished upon the facts. Whether this distinction was well founded is now of no moment. The present case now pending cannot be distinguished by me from Benjamin v. Nernberg, with which it is almost precisely similar. If Brosko v. Hetherington could validly be distinguished from the Benjamin case and this case cannot be so distinguished, then the Brosko case is not here closely material. If the distinction between the Brosko and Benjamin cases was in words only, then this court must follow the

[2] Reported from the trial en banc in 79 Pitts. Legal Journal 47 and on appeal as above indicated.

[3] Allocatur in this case was denied by the Supreme Court of Pennsylvania. 102 Pa.Sup. Ct. XXV. An allocatur seems to be in the nature of a permissive appeal either allowed specially by the Superior Court or by any judge of the Supreme Court of Pennsylvania. Pennsylvania Act of June 24, 1895, Sec. 7, 17 P.S. § 181 et seq. For the effect of a denial of an allocatur see Dougherty v. Proctor & Schwartz, 317 Pa. 363, 365, 176 A. 439.

ruling of Benjamin **v.** Nernberg as being the judgment of an appellate tribunal and the judgment of the highest court of Pennsylvania that has considered the problem.

In Benjamin v. Nernberg the court said, "Having already decided that there was no duty on defendant to warn plaintiff of the intended play, it follows that, if plaintiff was struck by a ball driven by defendant, the plaintiff had assumed, as a matter of law, the risk of injury resulting from his own participation in the game he and all the others were then playing." Authorities upon the voluntary assumption of risk in sports and games may be found partially collected in a note in 21 Temple L.Q. 289 (January 1948).

Applying the Pennsylvania law as disclosed by Benjamin v. Nernberg, as I am bound to do, to the undisputed facts in this case, I must grant the summary judgment in favor of the defendant as moved by him. An order may be submitted.