■ CHARLES B. JENKS, Respondent, v. DONALD McGRANAGHAN, Appellant.— COOKE, J. Appeal from an order of the Supreme Court at Special Term, entered October 24, 1968 in Broome County, which denied a motion for summary judgment dismissing the complaint. Proof has been submitted: that the Windsor Golf Course is so designed that the ninth tee is approximately 140 yards from the eighth and about 30 to 40 feet to the left of the center of the eighth fairway; that along one side and partially along another of those sides of the ninth tee facing the eighth there was a wire fence seven feet high; that in proceeding towards the eighth green, plaintiff, following the custom of others, left his bag of clubs outside the fence and about six feet therefrom, taking with him the clubs necessary to complete that hole; that plaintiff's playing companion teed off on the ninth and plaintiff, while bending over to select a club from his bag so placed, was struck by a ball hooked to the left by defendant from the eighth tee, as a result of which plaintiff has sustained almost total loss of vision in one eye. Upon disclosure, plaintiff testified: that he did not know anyone was teeing off at the eighth tee and did not look to see if anyone was there; that he did not hear any call of "fore" prior to being struck but, if such a call was made, it was at the moment of impact; and that he had played the Windsor course a number of times previously, during which he had seen defendant there, as well as other balls being hooked into the ninth tee area. The sole question presented is whether a golfer, struck by the misdirected ball of another golfer, assumes the risk of injury as a matter of law. (Cf. Prosser, Law of Torts [3d ed.], pp. 453–454; 65A C. J. S. Negligence, § 251, subd. [2], p. 780.) A person playing golf owes a duty to use reasonable care to avoid injuring other players on the course, a player intending to strike a ball being under a duty to give a reasonably adequate warning, such as the traditional shout of "fore", to persons in his line of play or others in such a position that danger to them is reasonably anticipated (*Johnston* v. *Blanchard*, 276 App. Div. 839, affd. 301 N. Y. 599; *Simpson* v. *Fiero*, 237 App. Div. 62, affd. 262 N. Y. 461; *Trauman* v. *City of New York*, 208 Misc. 252, 256; *Povanda* v. *Powers*, 152 Misc. 75, 78). Although participants in and observers of sporting events generally are held to have assumed the risks of injury inherent in the sport, such an assumption of risk does not preclude a recovery for

negligent acts which unduly enhance such risks (*Hornstein* v. *State of New York*, 30 A D 2d 1012; *Stevens* v. *Central School Dist. No. 1*, 25 A D 2d 871, 872, affd. 21 N Y 2d 780; *McGee* v. *Board of Educ. of City of N. Y.*, 16 A D 2d 99, 101–102, app. dsmd. 12 N Y 2d 1100; *Neumann* v. *Shlansky*, 58 Misc 2d 128, 130). While a golfer assumes the risks that a ball may be hit to the right or left, he does not assume the additional risk that another player will hit a ball without proper warning when the latter should have reasonably anticipated that there was a reasonable possibility that the ball might strike the former. There is evidence indicating the frequency with which balls were driven to the vicinity of the ninth tee, the occasions plaintiff drove balls there and the times plaintiff observed balls hit to that area. If defendant knew or had reason to know that balls were likely to land in plaintiff's location and drove the ball without an adequate warning, it could not be said that the danger to plaintiff was not reasonably anticipated and a jury could find that plaintiff did not assume such a risk. If it is established that plaintiff knew of the danger in the area and failed to look to the eighth tee to see if anyone was teeing off, a jury might find plaintiff guilty of contributory negligence. There are questions of fact as to whether the danger to plaintiff was reasonably to be anticipated, whether defendant gave a proper warning and whether there was contributory negligence. Order affirmed, with costs. Gibson, P. J., Reynolds, Cooke and Greenblott, JJ., concur in memorandum by Cooke, J.; Aulisi, J., not voting.