Bbeitel, J.
In a negligence action for personal injuries caused by a misdirected golf ball, plaintiff appeals. The issue is whether it was negligent for defendant to drive a golf ball from the eighth tee of a golf course without advance warning to players near the ninth tee adjacent to the eighth fairway.
After a jury verdict for plaintiff, the Supreme Court dismissed the complaint finding the plaintiff guilty of contributory negligence as a matter of law, and, alternatively, set aside the verdict as against the weight of evidence (65 Misc 2d 284). *478 The Appellate Division affirmed on the ground that, as a matter of law, there was no evidence of defendant’s negligence (37 AD 2d 638).
There should be an affirmance because on no view of the evidence was defendant negligent.
On July 21, 1966, plaintiff, Mr. Jenks, a fireman, and defendant, Mr. McGranaghan, a retired police superintendent, were playing golf at the Windsor Golf Course in Broome County. At the time of the accident Mr. McGranaghan was playing with a threesome which was teeing off at the eighth tee, and Mr. Jenks was with a twosome teeing off at the ninth tee.
The eighth hole is a straightaway, 195-yard par three. The eighth green cannot be seen from the eighth tee. The Windsor course is constructed so that the ninth tee is adjacent to the left side of the eighth fairway, 150 yards from the eighth tee. The ninth tee is partially protected by an “ L ’’-shaped, six-foot-high mesh wire fence. One side of the “ L ” runs parallel to the eighth fairway about 23 yards to the left of an imaginary line running from the eighth tee to the pin location on the eighth green. The other side of the “ L ” faces the eighth tee, running another six yards away from the eighth fairway.
As defendant McGranaghan was teeing up the ball on the eighth tee, plaintiff Jenks was inside the fence on the ninth tee. Jenks’ playing partner was teeing off outside the fence on the side away from the eighth fairway. The playing partner testified that at this time there was a twosome putting out ón the eighth green.
About the time defendant McGranaghan drove, plaintiff Jenks walked out from behind the screen to where he had previously left his golf bag. No advance warning was given of Mr. McGranaghan’s intention to drive. His shot hooked badly to the left catching Mr. Jenks in the eye, eventually causing blindness of the eye. Members of Mr. McGranaghan’s threesome shouted “ fore ” as the ball started to hook, but Mr. Jenks did not hear the warning.
Plaintiff Jenks contends that the Appellate Division erred in holding as a matter of law that defendant McGranaghan was not negligent in driving without advance warning. Plaintiff also contends that the issue was resolved on a prior appeal.
*479 On the previous appeal the Appellate Division held that it was proper to deny a motion for summary judgment dismissing the complaint because on the proof submitted, there was a question of fact for the jury (32 A D 2d 989). The proof on the trial, however, was not quite the same as that submitted on the motion. In the Appellate Division’s previous recital of the facts the ninth tee was placed much closer, by as much as 60 feet, to the eighth fairway, and, moreover, it evidently was not disclosed that Jenks had been standing behind a fence as defendant McGranaghan was about to drive.
A golfer has a duty to give a timely warning to other persons within the foreseeable ambit of danger (Nussbaum v. Lacopo, 27 N Y 2d 311, 318; Trauman v. City of New York, 208 Misc. 252, 256; Ann., Golf Course—Liability for Injury, 82 ALB 2d 1183, 1185). The mere fact that a ball does not travel the intended course does not establish negligence. “ [E]ven the best professional golfers cannot avoid an occasional ‘ hook ’ or 1 slice ’ ” (Nussbaum v. Lacopo, 27 N Y 2d, at p. 319). Thus, generally, there is no duty to warn persons not in the intended line of flight on another tee or fairway of an intention to drive (Rocchio v. Frers, 248 App. Div. 786; Trauman v. City of New York, 208 Misc., at pp. 256-257; Houston v. Escott, 85 F. Supp. 59; Strand v. Conner, 207 Cal. App. 2d 473, 474, 476; Rose v. Morris, 97 Ga. App. 764, 768; Mazzuchelli v. Nissenbaum, 355 Mass. 788; Ann., Golf Course—Liability for Injury, 82 ALB 2d 1183, 1187-1188, supra).
Por example, in the Trauman case (208 Misc. 252, supra), plaintiff was struck by a tee shot from the first tee while standing in the ninth fairway. Plaintiff was about 100 feet from the tee, only about 20 to 25 feet from the intended line of flight (208 Misc., at pp. 254r-255). Plaintiff did not see defendant tee off. The court held that defendant was under no duty to yell “fore ” to warn plaintiff that he might be endangered by a bad shot (id., at p. 256). Similarly, in the Rose case (97 Ga. App. 764, supra), plaintiff was struck while standing in a fairway 125 yards from the tee of another hole. Plaintiff was only 17 degrees off the line of the intended flight of the ball. The Georgia court held as a matter of law that there was no negligence in failing to give advance warning. (97 Ga. App., at p. 768.)
*480 The case Johnston v. Blanchard (276 App. Div. 839, affd. 301 N. Y. 599), which upheld a jury verdict in favor of an injured golfer, is not inconsistent with the principles stated above. In that case plaintiff was struck by a ball hit by his playing partner while both golfers were standing in the same rough about 70 yards apart (id.).
In this case when defendant McGranaghan teed off plaintiff Jenks was. on another tee 150 yards away, about 25 yards away from the intended line of flight. Thus, Mr. Jenks was about 4% times farther away and about 3 times farther off line than the plaintiff in Trauman (208 Misc. 252, supra). Although there is no fixed rule regarding the distance and angle which are considered within the ambit of foreseeable danger, if the distance and angle are great enough they are not within the danger zone as defined by previous cases.
Moreover, at the time defendant McGranaghan was preparing to drive, plaintiff Jenks was still behind the protective fence. A golfer cannot be expected to break his concentration while addressing the ball the instant before he hits to look up and see if someone has just stepped into the danger zone, if indeed it had been the danger zone. Under the circumstances, there was no duty to yell “ fore ” before hitting.
Plaintiff contends that defendant was negligent in teeing off with plaintiff’s partner in an exposed area outside the fence at the ninth tee, and with other golfers on the eighth green. The facts underlying these contentions are in dispute, but they must be assumed against defendant. Plaintiff’s partner was even farther off line than plaintiff, and, thus, under the analysis above defendant owed no duty to warn him before driving. The golfers on the eighth green, if there were any, could not be seen from the eighth tee. In any event, the only relevant question is whether defendant breached a duty to plaintiff, and any breach of duty to others not injured is immaterial (Prosser, Torts [4th ed.], pp. 324-325).
Accordingly, the order of the Appellate Division should be affirmed, without costs.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Jasen" and Gibson- concur.
Order affirmed.