■ JAMES W. JACKSON et al., Appellants, v LIVINGSTON COUNTRY CLUB, INC., et al., Respondents.—Order and judgments insofar as they grant summary judgment to defendant Alley unanimously reversed and motion denied, with costs, and otherwise order and judgment, in favor of defendant country club, affirmed. Memorandum: Plaintiff James Jackson was injured when struck by a golf ball hit by defendant Alley during play at the golf course owned by defendant Livingston Country Club, Inc. It was plaintiff's testimony that he and his partners had hit to the green on a par three hole. He knew the rules provided that on a par three hole golfers, after reaching the green, were to permit players behind them to drive to the green. He testified that neither he nor his partners waved defendant on, nor did he hear anyone else invite defendant to drive. He was "aware", however, that defendant's twosome was on the tee behind him and he walked off the back of the green and about 10 feet away from it to get away from the green while those behind hit their drives. While walking he heard one of his playing partners shout a warning. He turned his head to the left and was struck in the eye by defendant Alley's drive. A golfer is under a general duty of reasonable care to avoid injury to others which may include warning others in his line of play by the traditional call of "fore" before hitting the ball (see *Jenks v McGranaghan,* 30 NY2d 475, 479-480; *Simpson v Fiero,* 237 App Div 62, affd 262 NY 461; *Trauman v City of New York,* 208 Misc 252, 256). Upon the conflicting proof in this case the jury could find that defendant was negligent in driving without giving a warning at a time when plaintiff was walking away from the green directly in the intended line of flight of defendant's ball and with his back to the tee. Defendants contend that plaintiff was himself negligent and assumed the risk by playing but, contributory negligence and assumption of risk are questions of fact in all but the clearest cases *(Wartels v County Asphalt,* 29 NY2d 372; *Rossman v La Grega,* 28 NY2d 300; *Stevens v Central School Dist. No. 1 of Town of Ramapo,* 25 AD2d 871, affd 21 NY2d 780). A participant in a sporting event generally assumes the risks inherent in the sport, but he does not assume the risk of another participant's negligent play which enhances the risk *(Stevens v Central School Dist. No. 1 of Town of Ramapo, supra; Jenks v McGranaghan,* 32 AD2d 989). We find no basis for liability against defendant country club and affirm the order and judgment dismissing the complaint as to it. (Appeal from order of Livingston Supreme Court—summary judgment.) Present—Marsh, P. J., Moule, Cardamone and Simons, JJ.