177 N.J. Super. 272 (1981)
426 A.2d 517
SALLY CARRIGAN AND HER HUSBAND, KEVIN CARRIGAN, PLAINTIFFS-APPELLANTS,
v.
MAURICE ROUSSELL, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted December 9, 1980.
Decided January 14, 1981.
*273 Before Judges BOTTER, KING and McELROY.
Campbell, Foley, Lee, Murphy & Cernigliaro, for appellants (Stephen J. Foley, on the brief).
Harry R. Burton, for respondent.
The opinion of the court was delivered by KING, J.A.D.
This is a personal injury action by plaintiff Sally Carrigan, with a derivative claim by her husband Kevin Carrigan, arising out of a golfing accident at the Fort Monmouth Golf Club. The complaint alleged that Sally Carrigan was struck in the head by a golf ball negligently driven by defendant who "failed to warn of the impending danger resulting therefrom." The United States Government, owner of the golf course, was not joined as a party defendant.
At trial the jury was given four interrogatories to answer, with no objection from counsel. R. 4:39-1. The first, whether Sally Carrigan was "within the foreseeable area of danger" when defendant hit the ball, was answered "Yes." The second, whether defendant gave "timely warning to Sally Carrigan of the actual flight path of the golf ball," was also answered "Yes." The third interrogatory asked the jury to fix the amount of damages which would fairly compensate Sally Carrigan. The jury answered "$50,000." The fourth interrogatory asked the jury to fix the damages on the derivative claim of Kevin Carrigan. The jury answered "$10,000." On the basis of these answers the judge molded a verdict of no cause for action on the ground that the jury found no negligence on defendant's part. Plaintiffs' motion for a new trial or a judgment n.o.v. was denied and they appeal.
The testimony established that on May 12, 1975 Sally Carrigan (hereinafter plaintiff), a novice golfer, was taking a lesson at the Fort Monmouth Golf Club from the club professional, John Welsh. The lesson was being given in the practice area located *274 along the left side of the first fairway. The practice area was protected by a twenty-foot high nylon net fence commencing about 180 yards from the first tee and extending for about 75 yards. The lesson was taking place in the practice area about 200 to 220 yards from the first tee and 40 to 50 yards to the left of the first fairway. Welsh testified that the practice area was "not located in the best area" and that it was "a very common situation" for balls hit on the first tee to land in the practice area.
As plaintiff was taking her lesson defendant and three companions were beginning a round of golf. Defendant, an experienced ten or twelve handicap golfer, hit a ball with his driver from the first tee. The first hole was a "perfectly straight" 388-yard par four. The ball began to "hook" to the left, away from the intended line of flight, over the fence and toward the practice area. Defendant testified that he had been aware that Welsh was giving a lesson to a woman in the practice area before he hit the ball, and that when he saw it hooking in that direction he "immediate[ly]" yelled "fore" and the other three members of his foursome also yelled "fore." According to defendant:
My observations, once I yelled, Fore, it appears to me that the female receiving the lessons turned toward the yell rather than  this is my opinion  rather than just ducking and I also saw Mr. Welsh attempting to grab her.
The golf ball struck plaintiff in the forehead.
Welsh testified that when he heard the word "fore" and realized that the ball was coming in his direction he reached for plaintiff and tried to get in front of her. However, plaintiff turned away from him and he heard the ball strike her forehead.
Plaintiff's testimony differed from that of defendant and Welsh. She said she heard the cry "fore" at the same time that she was struck in the forehead and that she did not recall Welsh grabbing her or attempting to assist her until after she had been hit.
Defendant testified that, as an experienced golfer, it was his practice to yell "fore" when he or another member of his party *275 hit an errant shot in the direction of other people. Welsh, who testified as an expert, was asked when it was mandatory to yell "fore." He answered that such a warning should be given when a golfer sees that a ball is going off course and is heading toward people in danger. Welsh added that 300 to 350 people per day played the course. If they all yelled "fore" before striking the ball on the first tee "they would be hollering fore all day on that first tee. That just doesn't happen."
Plaintiff contends that the jury's finding that she was within the "foreseeable area of danger" when defendant struck the ball, coupled with the fact that defendant admittedly did not give a warning before he struck the ball, compels the conclusion that defendant was negligent as a matter of law.
The golfing accident cases in our jurisdiction are not particularly useful in analyzing plaintiff's contention. In Toohey v. Webster, 97 N.J.L. 545 (E. & A. 1922), plaintiff, a 13-year old caddy, was struck in the eye by a ball hit by defendant. In upholding a jury verdict for plaintiff the Court of Errors and Appeals, our then-highest court, noted there was testimony that defendant was only 35 to 75 yards away from plaintiff, who was only four or five feet to the left of the intended line of flight, when defendant struck his ball. The Court said:
... Under the circumstances the defendant was under a duty to use reasonable care before delivering his stroke, to observe whether there were any persons in the general direction of his drive who might be endangered thereby, and if so, to see that they were adequately warned. [Id. at 547].
Reasonable minds would agree that there was a legal duty to give a warning prior to striking the ball under the circumstances in the Toohey case. In fact, the defendant there testified that he did yell "fore" before striking the ball, although there was also contrary testimony. However, the factual situation in the present case, in terms of the distance of plaintiff from defendant and from the intended line of flight of defendant's shot, is vastly different.
The only other golfing-accident reported decision in this State of which we are aware, Schlenger v. Weinberg, 107 N.J.L. 130 *276 (E. & A. 1930), involved a visitor to a golf course who was struck by a ball. The golfer who hit the ball was apparently unknown and was not a defendant. We do not find the Schlenger decision instructive on the issue of defendant's liability in the present case.
There are numerous cases involving golfing injuries in other jurisdictions. See Annotation, "Liability for injury or death on or near golf course," 82 A.L.R.2d 1183 (1962), superseding 138 A.L.R. 541 (1942). Typical of the cases cited is Jenks v. McGranaghan, 30 N.Y.2d 475, 334 N.Y.S.2d 641, 285 N.E.2d 876 (Ct.App. 1972), virtually similar in facts to the case before us, relied upon by the trial judge in denying plaintiff's motion for a new trial or a judgment n.o.v. There the Court said:
A golfer has a duty to give a timely warning to other persons within the foreseeable ambit of danger. [Citations omitted]. The mere fact that a ball does not travel the intended course does not establish negligence. "[E]ven the best professional golfers cannot avoid an occasional `hook' or `slice'." (Nussbaum v. Lacopo, 27 N.Y.2d, [311] at p. 319, 317 N.Y.S.2d, [347] at p. 353, 265 N.E.2d, [762] at p. 767). Thus, generally, there is no duty to warn persons not in the intended line of flight on another tee or fairway of an intention to drive. [Citations omitted.] [285 N.E.2d at 878].
Jenks and the other cases in this area support the conclusion in the aforementioned A.L.R. annotation that:
[a]ttempts to impose liability for injury to a player on another tee or fairway than that from which the ball causing injury was driven have usually been unsuccessful, the courts concluding, under the circumstances of the particular cases, that there was no duty to warn of the intention to drive. [82 A.L.R.2d at 1187].
See, e.g., Trauman v. New York, 208 Misc. 252, 143 N.Y.S.2d 467 (Sup.Ct. 1955); Rose v. Morris, 97 Ga. App. 764, 104 S.E.2d 485 (Ct.App. 1958); Murphy v. Podgurski, 236 So.2d 508 (La. Ct. App.), cert. den. 256 La. 867, 239 So.2d 363 (Sup.Ct. 1970); Mazzuchelli v. Nissenbaum, 355 Mass. 788, 244 N.E.2d 729 (Sup.Jud. Ct. 1969); see also 4 Am.Jur.2d, Amusements and Exhibitions, § 87, at 211-212, stating "there is no duty to give advance warning to persons who are on contiguous holes or fairways and not in the line of play, if danger to them is not reasonably to be anticipated;" 1 Stevenson, Negligence in the Atlantic States (1954), § 391 at 584-585.
*277 Conversely, recovery has been allowed where a drive struck another player on the same fairway directly in the intended line of flight, Jackson v. Livingston Country Club, Inc., 55 A.D.2d 1045, 391 N.Y.S.2d 234 (App.Div. 1977), Allen v. Pinewood Country Club, Inc., 292 So.2d 786 (La. Ct. App. 1974); cf. Robinson v. Meding, 52 Del. 578, 163 A.2d 272 (Sup.Ct. 1960) (where a player took a shot 80 or 90 yards from the pin and struck a greenskeeper on the apron of the green); Johnston v. Blanchard, 276 A.D. 839, 93 N.Y.S.2d 338 (App.Div. 1949), aff'd 301 N.Y. 599, 93 N.E.2d 494 (Ct.App. 1950) (where defendant took his second shot from the rough and struck a member of his threesome who was 50 to 100 yards away walking toward the green). For example, in Take v. Orth, 395 S.W.2d 270 (Mo. Ct. App. 1965), plaintiff and her companion had driven off the 17th tee, and the companion's ball had gone into the rough between the 17th fairway and the adjacent 14th fairway, where she was clearly visible to defendant, on the 14th tee. The court said that under the circumstances plaintiff could reasonably have believed that defendant would not drive without giving warning. However, defendant did drive while plaintiff had her back to him and struck her. The court held that plaintiff had made out a case for jury consideration. Id. at 274-275. See also Outlaw v. Bituminous Ins. Co., 357 So.2d 1350 (Ct.App.La.), cert. den., 359 So.2d 1293 (Sup.Ct. La. 1978).
We must also consider the cases where, as here, the defendant yelled "fore" after driving his ball. In Rasmussen v. Richards, 7 Wis.2d 22, 95 N.W.2d 791 (Sup.Ct. 1959), the third and fourth holes were parallel and were played in opposite directions. Plaintiff played out the third hole and was walking toward the fourth tee when defendant drove from the third tee, striking plaintiff. Defendant's ball started down the third fairway but then "sliced" to the right, toward plaintiff. According to the court, "[at] the instance it started to slice the defendant and one other of the foursome shouted `fore.'" Plaintiff's playing partner heard the warning and ducked, but plaintiff did not and was struck on the top of the head. Id. 95 N.W.2d at 792. The jury *278 returned a special verdict in which it found that defendant was not negligent with respect to giving a timely warning to plaintiff "of hitting or driving the golf ball." Ibid. The jury also found that plaintiff had assumed the risk of the accident. The Wisconsin Supreme Court upheld the jury's finding that defendant gave adequate warning and did not reach the issue of assumption of risk. The court said that plaintiff had been well within defendant's driving range of 170 to 190 yards when defendant teed off. However, the court also noted that plaintiff was at or near the fourth tee at the time he was struck. The court noted that "[t]here is testimony by a number of witnesses that it was not customary for a player in defendant's situation in such circumstances to shout `fore' before driving his ball, but only to do so when it could be observed that the ball was slicing so as to carry it to the right in the direction of the No. 4 tee." The court said that it was undisputed that defendant had yelled "fore" when his ball began to slice and concluded that "there was ample credible evidence to sustain the finding of the jury that the defendant was not negligent with respect to giving the plaintiff proper warning." Id. 95 N.W.2d at 793. In Thomas v. Shaw, 217 Ga. 688, 124 S.E.2d 396 (Sup.Ct. 1962), defendant teed off on the fourth hole and struck plaintiff, who was standing about 200 yards away, within defendant's unobstructed view, in the adjacent fifth fairway. The court held that a complaint, which alleged that defendant was an inexpert player, that he shot the ball with great force, that the ball took a 45° turn in the direction of plaintiff, that defendant saw or should have seen that the ball was heading toward plaintiff in time to shout "fore" and enable plaintiff to avoid being hit, and that defendant failed to give any such warning, stated a cause of action. Cf. Boynton v. Ryan, 257 F.2d 70 (3rd Cir.1958); Strand v. Conner, 207 Cal. App.2d 473, 24 Cal. Rptr. 584 (Dist.Ct.App. 1962).
From the consensus of legal authority it seems clear that defendant here had no duty to give warning before striking the ball. The trial judge's charge to the jury in this respect was correct. This absence of duty is also consistent with the uncontradicted *279 expert testimony of Welsh, the club's professional for 28 years, and is supported by defendant's own testimony. Plaintiff was clearly not within the zone or ambit of danger as that concept is understood in the cases treating the duty to give warning before taking a shot. This is a case where there was a duty to give warning when defendant saw that his shot was deviating from the intended path. The testimony of defendant and Welsh, the professional, which was obviously accepted by the jury, established that defendant and the other members of his foursome gave immediate and adequate warning of the errant drive. We therefore reject plaintiff's argument that defendant was conclusively negligent and liable as a matter of law.
Plaintiff's other argument, that golfers should be held strictly liable without fault to innocent persons who are injured by their golfing activities, is contrary to all authority of which we are aware, and is likewise rejected.
The judgment of no cause for action in favor of defendant is affirmed.