■ ROBERT J. NOE et al., Appellants, v PARK COUNTRY CLUB OF BUFFALO et al., Respondents.—Order unanimously affirmed, without costs. Memorandum: The record of examinations before trial demonstrates that on July 9, 1981, plaintiff Robert J. Noe was playing golf at the Park Country Club. As the foursome of which he was a member left the ninth green, Noe proceeded to the tenth tee. Defendant Daniel Rogers was playing in a foursome immediately behind Noe's foursome. His ball was located 240 to 250 yards from the ninth green, in the rough, about five or six feet from the right edge of the fairway. After the Noe foursome left the ninth green, Rogers struck his ball toward that green but the shot sliced or faded to the right. He testified that as he observed the ball traveling toward the tenth tee which, according to the plaintiff, was "[t]wenty-five yards" from the "right edge of the green on the ninth hole as you face it", he yelled "fore". The club golf professional, who was standing behind the ninth green, heard the word "fore", but Noe did not. Rogers' ball struck Noe's head.

On these undisputed facts, Special Term properly granted summary judgment to the defendants. While it is well settled that a golfer has a duty to give a timely warning to other persons within the foreseeable ambit of danger, there is generally no duty to warn persons not in the intended line of flight on another tee or fairway of an intention to strike the ball *(Jenks v McGranaghan,* 30 NY2d 475, 479).

Noe's reliance upon our decision in *Jackson v Livingston Country Club* (55 AD2d 1045) is misplaced. There the jury could have found defendant negligent in striking his ball without giving a warning at a time when plaintiff was walking away from the green "directly in the intended line of flight of defendant's ball". Here, it is undisputed that when he was struck, Noe was on or in close proximity to the tenth tee and thus not in the intended line of flight of Rogers' ball. (Appeal from order of Supreme Court, Erie County, Killeen, J.

—summary judgment.) Present—Dillon, P. J., Callahan, Denman, Boomer and Pine, JJ.