■ ROBERTA RINALDO et al., Appellants, v ARTHUR McGOVERN et al., Respondents, et al., Defendant.—Order affirmed without costs. Memorandum: Plaintiffs commenced this action seeking damages for personal injuries suffered by plaintiff Roberta Rinaldo when the windshield of plaintiffs' car was shattered by a golf ball. Plaintiffs were traveling on Route 219 in the vicinity of the 11th hole of the Springville Country Club. Defendants, Arthur McGovern and Donald Vogel, both had hit tee shots at the 11th hole which had sliced to the right, either into or over the trees that separate the fairway from Route 219. Supreme Court granted defendants summary judgment and we affirm.

Plaintiffs' claim alleging that defendants failed to give them timely warning of their intention to strike a ball was properly dismissed. This court has recently held that a golfer has no duty to warn persons who are not in the intended line of flight of an intention to hit the ball *(see, Noe v Park Country Club,* 115 AD2d 230; *see also, Jenks v McGranaghan,* 30 NY2d 475, 479). If a golfer owes no duty to warn a person on another tee or fairway of his intention to hit the ball, he owes no duty to warn a person inside an automobile, driving by the golf course on an adjacent roadway. Moreover, even if such a duty exists, under these circumstances, where there would be only a remote possibility that plaintiffs would have heard or been able to respond to a warning if one were given, defendants' failure to warn was not the proximate cause of plaintiff's injuries as a matter of law *(see, Nussbaum v Lacopo,* 27 NY2d 311, 318).

The only other conduct that plaintiffs alleged to be negligent was that defendants each hit a "bad shot." The Court of Appeals has held that the fact that a golfer hits a "bad shot" that either slices or hooks is not sufficient to permit an inference of negligence *(Nussbaum v Lacopo, supra,* at 319). "The mere fact that a ball does not travel the intended course does not establish negligence. '[E]ven the best professional golfers cannot avoid an occasional "hook" or "slice" ' " *(Jenks v McGranaghan, supra,* at 479). Rather, plaintiffs must prove that defendants failed to use due care in striking the ball *(Nussbaum v Lacopo, supra,* at 318).

Here, each defendant presented sufficient evidence concerning the manner in which he swung to demonstrate his entitlement to summary judgment as a matter of law. Each defendant testified at an examination before trial that he intended his shot to remain on the fairway. Defendant Vogel testified that he, in fact, had intended to hit the ball down the left side

of the fairway. However, both shots sliced and the balls went into the trees which parallel the fairway and separate the golf course from Route 219. The fairway is bordered by a thick barrier of trees, and neither golfer saw nor heard a vehicle on Route 219 at the time he hit his ball.

In response, plaintiffs failed to come forward with proof that defendants did not exercise due care when attempting their shots (see, *Nussbaum v Lacopo, supra,* at 319). Consequently, defendants were entitled to summary judgment.

All concur, except Callahan, J. P., and Balio, J., who dissent and vote to reverse, in the following memorandum:

Callahan, J. P., and Balio, J. (dissenting). The majority holds that, as a matter of law, an injured passenger in a vehicle which is lawfully proceeding on a highway adjacent to a golf course has no cause of action against the golfer who drives a golf ball into the windshield of the car causing the driver to lose control and crash. We disagree; such a ruling is contrary to long-established principles of law. Surely it is foreseeable that if a golfer drives a ball "out of bounds" onto the road it may strike an automobile. To absolve the golfer from fault against an innocent person is unjust.

Surprisingly, this is the first occasion for an appellate court in New York to address this issue. It is not, however, a case of first impression. In a similar factual situation, a nisi prius court held that a golfer and the golf club were jointly and severally liable for injuries sustained by a passenger in an automobile traveling along an adjoining public highway, when a golf ball struck the windshield (*Gleason v Hillcrest Golf Course,* 148 Misc 246; *see also,* Annotation, *Liability to One Struck by Golf Ball,* 53 ALR4th 282, 327-328, 343).

The majority holds that a golfer has no duty to warn persons not in the intended line of flight of an intention to hit the ball (see, *Jenks v McGranaghan,* 30 NY2d 475; *Nussbaum v Lacopo,* 27 NY2d 311; *Noe v Park Country Club,* 115 AD2d 230). These cases, however, involve injuries to other golfers on the golf course or others on residential property abutting the course.

In our view, the Court of Appeals has recognized a distinction between persons within the foreseeable ambit of danger and innocent motorists lawfully traveling on a public highway. In *Nussbaum,* the Court of Appeals noted that the plaintiff (an adjacent land owner) "is not entitled to the same protection as the traveler on the public highway" (*Nussbaum v Lacopo, supra,* at 316). The right of the public to free and

unmolested use of the highway is well defined *(Tinker v New York, Ontario & W. Ry. Co.,* 157 NY 312), as the highways are created for public convenience to give the public the privilege of passage *(Town of Albion v Ryan,* 201 App Div 717, 718).

The court in *Gleason* aptly noted that

"[a] golf ball in itself is an innocent, lawful article, and so is the club which drives it * * *

"But, when driven, though in full compliance with the rules of the game, the ball attains great speed, and may thus become a dangerous and destructive object and may strike with great violence and force, not unlike a projectile which is propelled from a weapon by whatever power it be actuated, or a stone thrown by a catapult or by the hand" *(Gleason v Hillcrest Golf Course, supra,* at 248).
There is, therefore, a known and foreseeable element of danger and risk involved.

The presence of risk imports liability. "The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others within the range of apprehension * * *. This does not mean, of course, that one who launches a destructive force is always relieved of liability if the force, though known to be destructive, pursues an unexpected path. 'It was not necessary that the defendant should have had notice of the particular method in which an accident would occur, if the possibility of an accident was clear to the ordinarily prudent eye' " *(Palsgraf v Long Is. R. R. Co.,* 248 NY 339, 344; *Munsey v Webb,* 231 US 150, 156; *Condran v Park & Tilford,* 213 NY 341, 345; *Robert v United States Shipping Bd. Emergency Fleet Corp.,* 240 NY 474, 477).

It is well established that negligence is not a tort unless it results in the commission of a wrong, and the commission of a wrong imports the violation of a right. Wrong is defined in terms of the natural or probable, when unintentional *(Palsgraf v Long Is. R. R. Co., supra,* at 345). Plaintiffs had a right to be traveling in their automobile on the highway free from any molestation or interference. Their vehicle was struck suddenly by a golf ball. It is foreseeable that should a golf ball be driven "out of bounds" onto the highway, it might strike the windshield of an innocent traveler lawfully proceeding thereon. The plaintiffs here had a right of bodily security, and are entitled to be protected against being struck by the ball, and if that right has been violated, they may recover, albeit that interference did not result from knowing and willful conduct of defendants, so long as hitting the ball and causing

harm was within the range of natural probability *(see, Gleason v Hillcrest Golf Course, supra,* at 248-249).

We are concerned here with motions for summary judgment. When reviewing a motion for summary judgment, the focus of the court is issue finding, not issue determination, and the affidavits should be scrutinized carefully in the light most favorable to the party opposing the motion *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *Robinson v Strong Mem. Hosp.,* 98 AD2d 976; *Goldstein v County of Monroe,* 77 AD2d 232, 236). Plaintiffs' response to defendants' motions was adequate. Thus, these are triable issues of fact which must be resolved at trial and which defeat granting summary judgment. Furthermore, it is frequently observed that negligence actions do not ordinarily lend themselves to summary disposition because, even if the parties agree on the facts, the reasonableness of defendants' conduct is a question of fact for the jury *(Ugarriza v Schmieder,* 46 NY2d 471, 475; *Callari v Pellitieri,* 130 AD2d 935, 936). Thus, we would vote to reverse the order and deny the motions. (Appeal from order of Supreme Court, Erie County, McGowan, J.—summary judgment.) Present—Callahan, J. P., Doerr, Denman, Green and Balio, JJ.