Edgar A. CAVIN, Plaintiff/Appellant,

v.

Thomas KASSER,
Defendant/Respondent.

No. 59761.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 19, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 10, 1992.

Sterling L. Miller, St. Louis, for plaintiff, appellant.

Ellen Levy Siwak, Evans & Dixon, St. Louis, for defendant, respondent.

REINHARD, Presiding Judge.

Plaintiff sought damages alleging negligence of defendants. The trial court entered summary judgment for defendant Thomas Kasser. Plaintiff appeals; we affirm.

On September 5, 1987, plaintiff was waiting to tee off on the No. 2 hole of the Creve Coeur Golf Club. Plaintiff heard a shouted warning of "fore" and moved to protect himself too late to avoid being struck by a ball hit from the No. 3 tee by defendant Kasser. Plaintiff was struck on the left cheek and fell to the ground on his right shoulder. He required an operation and continues to experience constant ringing in his ears, insomnia, stiffness in the right shoulder, and swelling of his right hand when he wakes up in the morning. Plaintiff can still play golf but his swing has been affected.

Plaintiff brought an action against defendant Kasser and 90136 Fairview, Inc., d/b/a Creve Coeur Golf Club (golf club). Defendant Kasser moved for summary judgment alleging that there was no issue of fact remaining. He contended that he was under no duty to give a warning be-

fore he teed off and that when it became apparent that his drive was going errant he gave a warning. Plaintiff filed a cross-motion for summary judgment and golf club filed a motion for summary judgment.

The court sustained defendant Kasser's motion and denied the motions of plaintiff and defendant golf club. It designated the judgment in favor of defendant Kasser as final for purposes of appeal under Rule 74.01(b). This appeal followed.

In ruling on a motion for summary judgment, the trial court and the appellate court must scrutinize the record in the light most favorable to the party against whom the motion was filed, and accord that party the benefit of every doubt. Summary judgment may only be rendered where it is made manifest by the pleadings, depositions, affidavits, answers to interrogatories and admissions that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Rule 74.-04(c); *Edwards v. Heidelbaugh*, 574 S.W.2d 25 (Mo.App.1978). When a motion for summary judgment is made and supported as provided by rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise supported by rule, must set forth the specific facts showing that there is a genuine issue for trial. Rule 74.04; *Commerce Bank of Joplin v. Shallenburger*, 766 S.W.2d 764 (Mo.App.1989). The opposing party must show that a genuine issue of fact does exist, not that it might exist. Rule 74.-04(e); *I.H. Garms & Sons Company v. Potashnick Construction, Inc.*, 781 S.W.2d 203 (Mo.App.1989).

In ruling on the motions, the trial court had before it the pleadings; the depositions of plaintiff, defendant Kasser, a member of defendant's foursome, and the marshal who was standing by plaintiff at the time of the accident; and an exhibit showing the layout of the golf course along with the distances of the holes.

From these documents it appears that plaintiff was familiar with the Creve Coeur golf course. He had played there numer-

ous times and had regularly played golf for 12 years. Defendant had played golf for many years, was familiar with the Creve Coeur golf course and considered it a "tight" course. He usually drove the ball 175 to 200 yards.

The length of the No. 2 fairway was 156 yards. The length of the No. 3 fairway was 385 yards. The two fairways were parallel to each other and played in opposite directions. The No. 3 tee was directly across from the No. 2 green. The No. 2 and No. 3 fairways were separated by trees but a person teeing off of the No. 3 tee had an unobstructed view of the No. 2 tee and a person at the No. 2 tee had a similar view of the No. 3 tee.

Plaintiff and three others were waiting to tee off on the No. 2 tee. The club marshal was standing with this foursome. They were waiting for golfers to clear the No. 2 green.

According to defendant, he did not yell "fore" prior to striking the ball. However, as soon as he saw it was going to the left he yelled "fore," as did others in his group. Plaintiff did not notice defendant tee off but did hear the "fore" before he was struck and was in the process of responding by turning when he was hit on the cheek with the ball.

J.B. Taylor, one of the employed marshals of the golf course, said he was standing with plaintiff's group as they prepared to tee off. He was watching defendant tee off and as soon as he heard the "fore" warning he also yelled "fore." The marshal's exclamation was made prior to the ball hitting plaintiff. In driving off the No. 3 tee, according to the marshal, the intended flight of the ball would be "down the No. 3 fairway ... if the fairway is open they tee off. They don't hold up because someone is standing on the 2 tee."

Plaintiff first claims that defendant had a duty to warn him prior to hitting his tee shot. Both parties cite *Hoffman v. Polsky*, 386 S.W.2d 376 (Mo.1965) on this issue.

In *Hoffman*, the Missouri Supreme Court reviewed cases from jurisdictions throughout the United States, including the

Missouri case of *Page v. Unterreiner*, 130 S.W.2d 970 (Mo.App.1939) relied upon by plaintiff. The court affirmed a directed verdict in favor of the defendant, whose shot from the fairway of the No. 1 hole had struck the plaintiff while walking in the rough alongside that hole towards the No. 10 tee. The court held that a golfer does not have an absolute duty to warn everyone in the area of his play before making each shot. *Hoffman v. Polsky*, 386 S.W.2d at 378. Rather, its review concluded that the cases

> stand for the proposition that one about to strike a golf ball must exercise ordinary care to warn those within the range of intended flight of the ball or general direction of the drive, and the existence of such a duty to warn must be determined from the facts of each case.

*Id.*

The court's application of the law in that case relied upon the fact that the defendant had intended to hit her shot to the southeast, down a clear fairway. *Id.* The plaintiff had been standing to the northeast and was not in danger until after the defendant hit her ball and it hooked in his direction. *Id.* The court held that that was when the duty to warn attached. *Id.*

Similarly, in the present case, it is agreed that defendant did not intend to hit the ball towards the No. 2 tee. His duty to warn therefore attached only when it became apparent the shot was errant and plaintiff was in danger. This view is buttressed by the *Hoffman* court's specific reliance upon the cases of *Benjamin v. Nernberg*, 102 Pa.Super. 471, 157 A. 10 (1931); and *Houston v. Escott*, 85 F.Supp. 59 (D.C.Del.1949).

In *Benjamin*, plaintiff was struck by a shot from the No. 7 tee while putting on the No. 6 green. The green in question was located 120 feet to the left and about 100 feet in front of the No. 7 tee. The court affirmed the trial court's entry of judgment notwithstanding the verdict in favor of defendant, stating:

> ... the entire No. 7 fairway was clear before the defendant; plaintiff was not in the line of defendant's play; he was not where anyone could reasonably believe that he was in danger of being struck by a drive from No. 7 tee; it was not until after the ball was driven and it appeared that defendant had made a bad shot, and when the ball was going directly towards plaintiff, that anyone thought it necessary to shout a warning. There was no duty, under the facts of this case, on defendant to warn plaintiff of his intention to play. We cannot see that defendant was at fault or that he disregarded any rule or custom of the game.

*Benjamin*, 157 A. 10, 11 cited in *Hoffman* at 379. The warning in *Benjamin*, like the warning here, was "not sufficiently timely to save plaintiff." *Hoffman* at 379.

*Houston*, 85 F.Supp. 59, is even more directly on point. Plaintiff and defendant were playing holes with parallel fairways, as here.

> Plaintiff was not more than 125 feet forward of and 50 yards south of and in full view of defendant as he addressed his ball and hit it from the 18th tee. The point where plaintiff was standing was approximately 19 degrees left (or to the south) of the intended flight of defendant's ball. The court granted summary judgment in favor of defendant, relying on the holding in *Benjamin v. Nernberg, supra.*

*Hoffman* at 379.

■ Thus we perceive *Hoffman* to stand for the general proposition that a golfer has a duty to give a timely warning to other persons within the foreseeable ambit of danger, and that there is generally no duty to warn persons not in the intended line of flight on another tee or fairway of an intention to strike the ball. This view is supported not only in the cases cited in the *Hoffman* opinion but in the more recent case of *Noe v. Park Country Club of Buffalo*, 115 A.D.2d 230, 495 N.Y.S.2d 846 (1985). *See also Strand v. Conner*, 207 Cal.App.2d 473, 24 Cal.Rptr. 584 (1962); *Rose v. Morris*, 97 Ga.App. 764, 104 S.E.2d 485 (1958); *Mazzuchelli v. Nissenbaum*, 355 Mass. 788, 244 N.E.2d 729 (1969); *Jenks v. McGranaghan*, 30 N.Y.2d 475, 334 N.Y.S.2d 641, 285 N.E.2d 876 (1972). *But*

*see Jenks v. McGranaghan,* 32 A.D.2d 989, 299 N.Y.S.2d 228 (1969) (summary judgment denied); *Getz v. Freed,* 377 Pa. 480, 105 A.2d 102, 103 (1954) (dicta states there may be a duty to golfer playing another hole).

■ The facts of each case determine whether or not a warning is required before striking the ball. Here we find nothing that was before the trial court on its ruling for summary judgment that would fit defendant's conduct within an exception to the rule that there is no duty to warn a person not in the intended line of flight on another tee.

■ Plaintiff also contends that factual issues remain as to the timeliness of the warning that was made. We disagree. It appears to be an accepted rule of golf that, if no duty to warn exists prior to the striking of a ball, one does exist when it becomes apparent the ball is errant. *Thomas v. Shaw,* 217 Ga. 688, 124 S.E.2d 396 (1962). However, there is absolutely no evidence here that this duty was not met. Defendant testified that he and others yelled "fore" as soon as it was apparent that the drive was heading toward the second tee. A marshal heard the warning and repeated it before plaintiff was struck. Plaintiff admits he heard it before he was struck and attempted to react to it. Plaintiff does not reveal any evidence that this warning could have been made sooner and thereby prevented the injury. *See Strand v. Conner,* 24 Cal.Rptr. at 586–587.

Thus it is apparent as a matter of law that defendant had no duty to warn prior to striking of the ball and all the evidence indicates that he warned as soon as the ball went astray. The entry of summary judgment in favor of defendant Kasser is affirmed.

GARY M. GAERTNER and CRANE, JJ., concur.