Jean KOPPEL and Pauline
Saddler, Appellants,

v.

The METROPOLITAN ST. LOUIS
SEWER DISTRICT,
Respondent.

No. 62160.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 9, 1993.

John E. Counts, Fenton, for appellants.

Anthony E. Cassimatis, St. Louis, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellants, Jean Koppel and Pauline Saddler, appeal entry of summary judgment in the Circuit Court of St. Louis County in favor of respondent, The Metropolitan St. Louis Sewer District, in their suit for property damages. We affirm.

On December 29, 1990, raw sewage backed up into appellants' homes, allegedly causing damage to both real and personal property. Ms. Saddler immediately telephoned respondent, who dispatched a repair crew. Respondent's employees removed a quantity of grease and tree roots from the sewer pipe servicing appellants' houses, rendering the sewer line operational again.

Appellants filed a petition for damages against respondent on March 27, 1991, alleging failure by respondent to properly maintain the sewer pipes under its control. According to respondent, appellants have lived at their current residences for twenty and eighteen years, respectively, and the instant event marks the first time either of them has requested service. Furthermore, according to respondent, not even periodic inspections of the sewer pipe would guarantee against the formation of obstructions.

Accordingly, respondent filed a motion for summary judgment on June 4, 1991. This motion was heard and overruled on July 16, 1991. Following additional discovery, respondent filed another motion for summary judgment accompanied by an affidavit, on April 10, 1992. Appellants filed no response. After argument by the parties, the court sustained respondent's motion on sovereign immunity grounds. This appeal ensued.

Appellants contend the court erroneously entered summary judgment against them, because genuine issues existed as to whether the sewer pipe was in a dangerous condition, thereby waiving respondent's sovereign immunity from tort liability. We disagree.

▪ Respondent is shielded from tort liability by the doctrine of sovereign immunity. *Page v. The Metropolitan St. Louis Sewer District*, 377 S.W.2d 348, 352 (Mo. 1964). In order to state a cause of action in tort against respondent for a dangerous property condition, it must waive its immunity. Such waiver regarding a dangerous property condition occurs only when: (1) There is a dangerous condition on the property; (2) the plaintiff's injuries directly resulted from the dangerous condition; (3) the dangerous condition created a reasonably foreseeable risk of the kind of harm plaintiff incurred; and (4) a public employee negligently created the condition or the public entity had actual or constructive notice of the dangerous condition. RSMo § 537.600.1(2) (Supp.1991); *Kanagawa v. State By and Through Freeman*, 685 S.W.2d 831, 835 (Mo. banc 1985). These provisions waiving sovereign immunity are strictly construed. *Beiser v. Parkway School Dist.*, 589 S.W.2d 277, 280 (Mo. banc 1979).

▪ In the case before us, respondent moved for summary judgment under provision (4) above, lack of actual or constructive notice. The trial court sustained the motion pursuant to provision (1) above, lack of a dangerous condition. We review a case on the whole record, and will not reverse a correct result, regardless of the reasoning employed. *Ernst v. Ford Motor Co.*, 813 S.W.2d 910, 915 (Mo.App., W.D. 1991).

In its motion for summary judgment, respondent clearly established, by affidavit, that the requirements of provision (4) for waiver of sovereign immunity had not been met. Appellants filed no response. Rule 74.04(e) provides, in pertinent part:

... When a motion for summary judgment is made and supported as provided in this Rule 74.04, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Rule 74.04, shall set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Missouri case law has strictly upheld these provisions. See e.g. *St. Charles County v. Dardenne Realty Co.*, 771 S.W.2d 828 (Mo. banc 1989); *Cavin v. Kasser*, 820 S.W.2d 647 (Mo.App., E.D.1991).

Having failed to even attempt to defeat respondent's meritorious motion, appellants cannot be heard to complain now. The circuit court's grant of summary judgment is affirmed.

SMITH and STEPHAN, JJ., concur.